65   61}
81   240.

## Lemuel Hudson et al. v. J. Sholem & Sons.

1. HUSBAND AND WIFE—*Husband's Liability.*—The fact that a wife
makes purchases with the intent to live apart from her husband, and to
apply the goods to her own personal use, will not absolve the husband
from liability if he authorized the purchases expressly or by legal impli-
cation. If he gave the vendor reasonable ground to believe that his
wife was so authorized, then, acting in good faith and without knowl-
edge of the dissensions afterward occurring, he may safely sell her such
goods as are, in quantity and character, fairly within the range of such
authority.

2. SAME—*What are not Expenses of the Family.*—Where goods are
purchased by the wife in contemplation of a separation, and for the per-
sonal use of the wife, their cost is not to be regarded as "expenses
of the family," for which a judgment can be rendered against husband
and wife jointly, under Sec. 15, Ch. 68, R. S., entitled "Husband and
Wife."

3. SAME—*Construction of the Statute.*—Section 15, chapter 68, R. S.,
entitled "Husband and Wife," has not changed the liability of the hus-
band, except when he may be held jointly with the wife for expenses of
the family. When he is sued with her it must be shown that the cause
of action is within the statute. It imposes a liability upon the wife by
which she may be held jointly with her husband, who, otherwise, would
be alone responsible.

**Assumpsit,** for goods sold and delivered. Appeal from the County Court of Edgar County; the Hon. E. G. ROSE, Judge, presiding. Heard in this court at the November term, 1895. Reversed and remanded. Opinion filed May 16, 1896.

JOE H. WINKLER, attorney for appellant Lemuel Hudson, contended that these goods were not bought by the wi'e to be used in the family, neither were they used by the family, and were therefore in no respect expenses of the family. She bought them in contemplation of a separation from her family, and for her own use after she had ceased to be a member of the family. Compton v. Bates, 10 Ill. App. 85.

In the case of Schlesinger & Mayer v. Keifer, 30 Ill. App. 257, the court, after citing the statute under which appellees seek to recover, says: "In this action against them jointly (husband and wife) no other ground of recovery can be relied upon. It would seem to be a condition precedent to any family expense that there should be a family in fact, without regard to what knowledge the persons selling the goods had of the fact."

W. H. CLINTON, attorney for appellees.

The appellants were husband and wife, and so reputed at the time the goods were sold. The goods were, so far as appellees knew, for family use, and are, for the purposes of this case, family expenses. Hudson v. Hudson, 23 Ill. App. 118; Hoyle v. Winfield, 28 Ill. App. 628.

The question of whether the goods were necessary is not important. Hudson v. Kink, 23 Ill. App. 118.

MR. JUSTICE WALL DELIVERED THE OPINION OF THE COURT.

This was assumpsit by appellees against the appellant, sued jointly with Alice Hudson, his wife. The declaration contained only the common counts, to which appellant pleaded non-assumpsit, and a special plea denying joint liability with his wife, upon which there was issue. The record does not disclose a plea by the wife. A jury was waived and the cause was submitted to the court by agreement, resulting in judgment for the plaintiff against both

defendants for $442.18, from which Lemuel Hudson only has appealed.

It appeared from the evidence that the appellant, shortly before he was married to his co-defendant, said to the appellees, who were merchants, that after he was married he would come with his wife or she would come alone to their store and buy what would be needed for their housekeeping, and that after the marriage he repeated the statement in substance. The marriage occurred in June, and in September, on the 7th or 8th, the wife went to the store of the appellees and purchased the goods in question, consisting of carpets, curtains, furnishings of various kinds, such as table linens and bed clothing, and a considerable quantity of dress goods and wearing apparel for herself and her two children by a former marriage and a few articles suitable for the use of appellant. These goods, as she represented to the appellees, were to be used in furnishing a new house which appellant was then building and for the use of the family.

It appears that just before this a serious disagreement had arisen between the husband and wife, and the evidence strongly tends to show that she had left his house not intending to return, and it does show that the goods which she had so purchased were not taken to his house but were by her direction taken to the house of her step-father, and have never been in the house of the appellant. The evidence also shows, or at least strongly tends to show, that the appellees, while the wife was making selections for these purchases, which covered a part of two days, sent one of their clerks to a neighboring merchant who had formerly lived in the vicinity of appellant to inquire something as to his standing, etc., and that the clerk was informed that there was a notice published in the local newspaper of that date to the effect that the appellant would not be responsible for purchases made by his wife, but notwithstanding such information, which appellees denied that they received, the goods were sold and delivered to the wife, who has appropriated them to her own use.

It appears that the husband and wife did not live together

after the purchase of these goods, that they were subsequently divorced, and that with the divorce there was a provision for alimony.

There is also evidence tending to show that the house of appellant was furnished comfortably at least, and that the purchases made by the wife were unnecessary to some extent, though upon these points there is quite a conflict in the testimony.

There seems to be no doubt that the wife made the purchases with the intent to live apart from her husband and to apply the goods to her own personal use. This would not absolve the husband from liability if he authorized the purchases expressly or by legal implication. If he gave the appellees reasonable ground to believe that his wife was so authorized, they, acting in good faith and without knowledge of the dissensions afterward occurring, might safely sell her the goods in question, if the same in quantity and character were fairly within the range of such authority, but if they were notified of a revocation of such authority they could not, of course, rely upon it.

As they deny any knowledge of the disagreement or separation, but depend upon the express authority referred to, they do not and could not depend upon the agency which the law raises when the husband fails to properly support the wife, whereby she is invested with power to pledge his credit for the relief of her necessities.

In this aspect of the case it is proper to refer to the eighth proposition of law presented by appellant, which was to the effect, in short, that appellees were chargeable with the notice given to their clerk as to the publication by appellant prohibiting sales to his wife on his credit. This the court refused to hold.

We think it was a proper rule of law to be considered in view of the evidence.

If the goods were purchased in contemplation of a separation, and for the personal use of the wife, then their cost was not to be regarded as "expenses of the family," for which a judgment could be rendered against husband and wife jointly, under Sec. 15, Ch. 68, R. S.

That statute has not changed the liability of the husband, except that he may be held jointly with the wife for such expenses—but when he is sued with her it must be shown that the cause of action is within the statute. If it is not he may be liable separately but can not be held jointly with her.

Hence the seventh proposition of law, which asserted the rule just stated and which the court refused, should have been held. From its refusal of other propositions the court seems to have labored under the impression that the statute had in some way enlarged the common law liability of the husband, and that therefore the rules of the common law by which the question of his liability was to be determined had been abrogated.

The statute merely imposes a liability upon the wife by which she may be held severally or jointly with her husband, who otherwise would be alone responsible. Compton v. Bates, 10 Brad. 78; Schlesinger v. Kiefer, 30 App. 253.

We are of opinion the court misapprehended the law applicable to the facts, and as this may have induced the conclusion reached, the judgment must be reversed and the cause remanded.