## Mabel A. Little, Executrix of the Estate of Robert M. Little, Appellee, v. Blue Goose Motor Coach Company, Appellant.

1. PLEADING—*when special plea in abatement is too late.* A special plea that an amended declaration stated a new cause of action which had abated because of the death of the original plaintiff was pleaded too late after trial.

2. DEATH BY WRONGFUL ACT—*right of action at time of death as essential to survival.* Under Cahill's St. ch. 70, ¶ 1, providing that an action for injury shall not abate by the death of the claimant, the claimant must have had a right of action at the time of his death and if he has before then secured judgment or had judgment rendered against him or settled the cause, or judgment is found against him in a case on the same cause of action wherein his opponent is the plaintiff, then no action survives to the claimant's representatives.

3. DEATH BY WRONGFUL ACT—*judgment against claimant as barring action by his representatives.* A judgment for or against a plaintiff in an action to recover for personal injury is a bar to a subsequent action by his representative for his death as due to said injury.

4. DEATH BY WRONGFUL ACT—*when judgment in another action bars remedy.* In an action by the owner of a bus against an automobile owner for damages caused by a collision, a judgment in favor of the plaintiff is necessarily a finding of plaintiff's freedom from negligence and is therefor conclusive in a subsequent action against the plaintiff therein to recover for the wrongful death of the defendant therein from injuries incurred in the same accident.

5. PLEADING—*when special plea need not state how the jurisdiction of county court to entertain appeal from justice of the peace was obtained.* In absence from a special plea alleging judgment against the plaintiff on the same cause of action but in another case in justice court, of anything to show that the appeal bond was not approved by the justice, the Appellate Court will not presume that the county court was without jurisdiction when it dismissed the appeal for want of prosecution.

6. COURTS—*what is the jurisdiction of county.* County courts in this State are courts of general jurisdiction over all matters within purview of their jurisdiction, in favor of which every presumption will be indulged.

7. PLEADING—*proper way to attack special plea of untrue facts.* If the facts averred in a special plea are not true, the plaintiff should reply thereto instead of demurring.

8. DEATH BY WRONGFUL ACT—*when special plea of former judgment is good against action by representative for.* In action for death of plaintiff's decedent from injuries due to his automobile colliding with defendant's bus, the court should have overruled a demurrer to a special plea alleging that the same cause of action had been decided against decedent in another case in his lifetime and he had never perfected appeal therefrom.

9. EVIDENCE—*when medical experts' testimony is inadmissible.* In view of a controversy over whether one injured in an automobile collision suffered, as a result thereof, heart disease which caused his death, the evidence of medical experts that such injury did cause heart disease and death should not have been admitted over objection.

Appeal by defendant from the City Court of East St. Louis; the Hon. SILAS M. COOK, Judge, presiding. Heard in this court at the April term, 1927. Reversed and remanded with directions. Opinion filed May 14, 1927.

A. M. FITZGERALD and H. C. MOORE, for appellant.

LOUIS BEASLEY and EDWARD C. ZULLEY, for appellee.

MR. PRESIDING JUSTICE BARRY delivered the opinion of the court.

On November 1, 1925, Dr. Robert M. Little, while driving his Overland sedan at the intersection of Ridge Avenue and Twenty-seventh Street in East St. Louis, collided with a bus owned and operated by appellant. A few days later appellant sued Dr. Little before a justice of the peace, and recovered a judgment for the damages occasioned to its bus by the said collision. Defendant appealed to the county court and the appeal was dismissed for want of prosecution. On December 1, 1925, Dr. Little sued appellant in the city court to recover damages for personal injuries alleged to have been suffered by reason of the collision aforesaid. The plaintiff died while the jury deliberated upon its verdict. The death of the plaintiff was suggested and the jury discharged.

Mabel A. Little, his widow, was then appointed executrix of his last will and testament. As such

executrix and by leave of court she filed a new declaration based upon section one of the Injuries Act, Cahill's St. ch. 70, ¶ 1. Appellant pleaded the general issue and upon a trial of the cause there was a verdict for three thousand ($3,000.00) dollars which the court set aside. Appellant then filed its first special plea to the effect that it had sued Dr. Little before a justice of the peace and recovered a judgment against him for the sum of $139.35 on account of the damages caused to its bus; that an appeal was taken from said judgment to the county court which, on April 2, 1926, was dismissed for want of prosecution, etc. A demurrer to that plea was sustained.

Appellant filed its second special plea to the effect that by the original declaration Dr. Little sought to recover damages for personal injuries; that he died on May 25, 1926; that by reason thereof his cause of action abated; that the amended declaration is upon an entirely new and different cause of action, etc. To that plea a demurrer was interposed and sustained. Appellant also moved the court to strike the amended declaration from the files and the motion was denied. The cause was again tried and resulted in a verdict and judgment for five thousand ($5,000.00) dollars.

Dr. Little died on May 25, 1926, and on that day his death was suggested upon the record. On September 22, 1926, leave was given to substitute appellee as plaintiff and to file an amended declaration. Appellant was given three days within which to file objections to the granting of such leave but no objections were filed. To the new declaration appellant, on November 19, 1926, pleaded the general issue. On November 26, 1926, appellee was granted leave to file an additional count and on December 1, 1926, appellant extended its general issue thereto. The cause was tried and a verdict in favor of appellee was returned on December 15, 1926. A new trial was granted on December 20, 1926. The second special plea and the

motion to strike the amended declaration were not presented to the court until the cause was again called for trial on January 24, 1927. The question sought to be raised by the second special plea 'and the motion aforesaid did not go to the merits of the case but was matter in abatement of the suit and should have been availed of before pleading the general issue. After pleading to the merits and after a trial of the cause it was too late to plead in abatement. The court did not err in sustaining the demurrer to the second special plea.

Appellee bases her right to recover upon section one of the Injuries Act, Cahill's St. ch. 70, ¶ 1. By the express terms of that statute no action will lie unless the deceased could have recovered for the wrongful act in case his death had not ensued. *Hackett v. Smelsley,* 77 Ill. 109. If Dr. Little was injured by the wrongful act, neglect or default of appellant, he had a cause of action by virtue of the common law which was completely under his control so long as he lived. If, at the time of his death, anything had occurred that would bar a recovery by him appellee has no cause of action under the statute.

Any one of several things may occur after an injury and before the death of the injured person that will prevent the accrual of a statutory cause of action. If the injured person recovers a judgment; if he settles his cause of action; if he brings a suit to recover for his injuries and a judgment is rendered against him, or if he is sued by the other party for damages alleged to have been caused by the wrongful act, neglect or default of the said injured person, and such party so suing recovers a judgment, there would be no cause of action under section one of the Injuries Act.

If Dr. Little had released his cause of action before his death the statute would not confer any right upon appellee to recover. Her right to sue for damages depends, under the statute, upon the deceased having

a right of recovery for his injuries at the time of his death, as there is but one cause of action and can be but one recovery. *Mooney v. City of Chicago,* 239 Ill. 414. It is the general rule that the statutory cause of action is a right dependent upon the existence of a right in the decedent, immediately before his death, to maintain an action for his wrongful injuries. *Michigan Cent. R. Co. v. Vreeland,* 227 U. S. 59.

As a general rule the statutory action is a right dependent upon the existence of a right in the decedent, immediately before his death, to have maintained an action for his wrongful injury, and it is upon this principle that it is generally held that a release or accord and satisfaction, or a prior recovery by deceased in his lifetime, constitutes a defense to the statutory action for the death. 17 C. J. 1201. It is almost everywhere held that a recovery by a decedent for personal injuries to him is an absolute bar to the subsequent maintenance of an action under the statute for his death, 17 C. J. 1250; 39 A. L. R. 579, and a final valid judgment on the merits denying a recovery has a like effect. 17 C. J. 1250.

Appellee insists that the demurrer to the first special plea which set up the recovery of the judgment before the justice of the peace was properly sustained for several reasons. She argues that the plea contains inconsistent matters. None of her special grounds of demurrer raised that point. In any event there is no such inconsistency as would invalidate the plea. It is next urged that the demurrer was properly sustained because the second count of the declaration charged wilful negligence on the part of appellant.

Before appellant could recover for the damages to its bus it had to prove that it was not guilty of any negligence that contributed to its loss and damage and that the negligence of Dr. Little was the proximate cause of the damage to its bus. The rendition

of the judgment by the justice of the peace necessarily determined those questions in favor of appellant. The question as to whether appellant was guilty of any negligence, wilful or otherwise, which caused or contributed to the injury to the bus was necessarily passed upon and decided contrary to the contention of appellee.

It is argued that the law is well settled that a justice of the peace has no jurisdiction of an action to recover damages for the injuries to the person and that a judgment in such a case is a nullity and cannot be pleaded as an estoppel. The justice did not undertake to pass upon such a question as the one suggested and for that reason we fail to discover any force in that line of argument. Appellee concedes, and properly, that a justice of the peace has jurisdiction of an action to recover damages to personal property.

It is finally argued that the first special plea conclusively shows that the appeal was taken from the judgment of the justice of the peace by filing an appeal bond with the clerk of the county court, instead of with the justice, and that it does not appear that any summons from the county court was served on Dr. Little or that he entered his appearance in said court; that without the service of summons or the entry of an appearance, the county court was without jurisdiction to dismiss the appeal. We find no averment in the plea which would authorize the presumption that the appeal was perfected by filing a bond with the clerk of the county court instead of its being approved by the justice of the peace. In the absence of such an averment we would not be authorized to presume that the county court was without jurisdiction when it dismissed the appeal for want of prosecution. Every presumption will be indulged in favor of the jurisdiction of a court of general jurisdiction. County courts, in this State, are courts of general jurisdiction in re-

spect to all matters coming within the purview of their jurisdiction. *Matthews v. Hoff*, 113 Ill. 90.

We think it sufficiently appears from the averments of the first special plea that the justice of the peace necessarily found that appellant was guilty of no negligence, wilful or otherwise, which in any way contributed to the injury of its bus and that the said injury was caused by the negligence of Dr. Little. That being true, if the said judgment remains in full force and effect as shown by said plea, it necessarily follows that Dr. Little was not entitled to recover for personal injuries alleged to have been caused by the negligence of appellant. If the facts averred in the plea are not true, appellee should have replied thereto instead of demurring. The court erred in sustaining the demurrer to the first special plea.

Dr. Little testified in the original case, and on the last trial appellee put his testimony in evidence. He testified that in the collision he received a contusion on his chest which was caused by being thrown against the steering wheel of his car; that the injuries so received caused pericarditis and myocarditis—an inflamation of the covering of the heart. The collision occurred on November 1, 1925, and the doctor died May 25, 1926. Appellant contended that under the evidence the doctor could not have been thrown against the steering wheel and that he could not have been injured in the manner claimed, and produced some evidence to the effect that such an injury as he said he had received would result in immediate death, or death within six or eight weeks.

The court permitted medical experts called by appellee to testify, over objections, that the injury caused myocarditis and that the death of the deceased resulted from the injury. In view of the fact that there was a controversy as to those matters the evidence aforesaid should not have been admitted. *Fellows-Kimbrough*

*v. Chicago City Ry. Co.,* 272 Ill. 71. For the reasons aforesaid the judgment is reversed and the cause remanded with directions to overrule the demurrer to the first special plea.

*Reversed and remanded with directions.*