Betty Ann Franciscy, Administrator of the Estate of Rudolph Franciscy, Deceased, Plaintiff-Appellee, v. Blanche Dalton Jordan, Administrator of the Estate of Richard H. Jordan, Deceased, Defendant-Appellant.

Gen. No. 11,715.

Second District, Second Division.

October 14, 1963.

345

Roberts & Kepner, of Springfield, and Puklin & Nelson, of Aurora (Maurice W. Kepner and Patrick J. Cadigan, of counsel), for appellant.

346

Leren & Burek, of Wheaton (Alexander J. Burek, of counsel), for appellee.

CROW, P. J.

The defendant, Blanche Dalton Jordan, Administrator of the Estate of Richard H. Jordan, deceased, appeals from a judgment for $10,000 entered in the Circuit Court of DuPage County in favor of the plaintiff, Betty Ann Franciscy, Administrator of the Estate of Rudolph Franciscy, deceased, in this wrongful death action growing out of an automobile collision, in which appeal the defendant asserts the basic issue is whether under the doctrine of res judicata or estoppel by verdict the plaintiff is estopped from maintaining this action by virtue of prior verdicts and judgments in certain previous personal injuries suits in the Circuit Court of Kane County growing out of the same accident. The defendant also charges the Trial Court erred in refusing to admit certain testimony of passengers in the decedent Jordan's car of statements of Jordan immediately prior to the occurrence concerning the impending accident.

The plaintiff in this DuPage County suit, Betty Ann Franciscy, Administrator of the Estate of Rudolph Franciscy, deceased, on September 10, 1958, filed a wrongful death complaint against Blanche Dalton Jordan, Administrator of the Estate of Richard H. Jordan, deceased, charging, inter alia, various acts of negligence of the defendant's intestate, Richard H. Jordan, deceased, in the operation of an automobile on November 9, 1957, and alleging that the plaintiff's intestate, Rudolph Franciscy, deceased, was in the exercise of reasonable care, and that he left surviving him as his only heirs at law and next of kin, his widow, Betty Ann Franciscy, and Joy Lynn Franciscy, his daughter. The defendant's answer denied the material

347

allegations thereof. The jury in this present case returned a verdict in favor of the plaintiff for $10,000, judgment was entered thereon, and this appeal is from that judgment, the defendant's motions for directed verdict and post-trial motion having been denied.

On November 9, 1957 Rudolph Franciscy and Richard H. Jordan were driving their respective automobiles on Route 59 in DuPage County, in opposite directions. With Jordan in his car were his son, Gerald, and a neighbor, Wesley Lemmons. With Franciscy in the car he was driving were his three brothers, Charles, George, and Paul, guest passengers. At or near the intersection of Route 59 and Aurora Road the cars collided. Both drivers, Franciscy and Jordan, were killed. All the passengers were injured. It will be unnecessary to state the facts of the occurrence itself in greater detail.

On October 17, 1958, before the instant case in DuPage County was reached for trial, the three Franciscy brothers, guest passengers in the Rudolph Franciscy car, Charles, George, and Paul Franciscy, each filed separate suits in the Circuit Court of Kane County for personal injuries against Betty Ann Franciscy, Administrator of the Estate of Rudolph Franciscy, deceased, and against Blanche Dalton Jordan, Administrator of the Estate of Richard H. Jordan, deceased, as codefendants, in which Kane County suits the plaintiffs separately charged ordinary negligence of Richard H. Jordan, deceased, in the operation of his automobile, and separately charged Rudolph Franciscy, deceased, with wilful and wanton misconduct in the operation of the car he was driving. The answers of the two defendants, administrators, respectively, of the Franciscy estate, and the Jordan estate, denied all material allegations of the respective complaints. These separate individual Kane County suits by Charles, George, and Paul Franciscy, were

consolidated for trial before a jury. The jury therein returned a special finding in answer to a special interrogatory, that Rudolph Franciscy, deceased, was guilty of wilful and wanton misconduct, and returned a general verdict in favor of the several plaintiffs against the therein defendant administrator of the estate of Rudolph Franciscy, deceased, assessing the plaintiffs' damages in the respective amounts of $53,600, $37,000, and $25,000, upon which judgments were entered, and which judgments were later satisfied, and the jury therein returned a general verdict finding the therein defendant administrator of the estate of Richard H. Jordan, deceased, not guilty, upon which judgments were entered.

When the judgments on the verdicts in the Kane County cases became final the defendant in the instant DuPage County case then raised and preserved the issue of res judicata or estoppel by verdict by first filing a motion to dismiss the present suit and, upon that being overruled, by an amendment to her answer herein setting up the prior adjudication as a special plea in bar. The plaintiff filed no reply to the amendment to the answer. The issue was further raised and preserved in the defendant's post-trial motion. Copies of the complaints and answers in the Kane County cases were attached to the defendant's motion to dismiss here and were stipulated to be admitted as a part of the record in this case.

The plaintiff in this DuPage County suit contends that the real plaintiffs in interest in the instant case were not parties and real defendants in the prior Kane County cases, and hence the doctrine of res judicata or estoppel by verdict does not apply, and that there was no error in refusing to admit the statement of the decedent Jordan. The plaintiff argues that Betty Ann Franciscy, individually, the widow, and Joy Lynn Franciscy, the child of Rudolph Franciscy, deceased,

349

were not parties defendant in the prior Kane County suits, but they are the real plaintiffs in this DuPage County suit, and Betty Ann Franciscy, Administrator of the estate of the decedent Franciscy, is only a nominal plaintiff here. Hence, the plaintiff urges, the parties not being the same in the two causes of action, the doctrine of res judicata does not apply. The defendant contends that the main issue of the decedent Rudolph Franciscy's misconduct—wilful and wanton misconduct, or negligence,—having been adjudicated in the prior Kane County suits, that determination is now res judicata or an estoppel by verdict, and the present plaintiff Betty Ann Franciscy, administrator of the estate of Rudolph Franciscy, deceased, having been a defendant as such in the prior Kane County suits, is estopped and barred by the prior verdicts and judgments from relitigating the issue in this present suit.

The causes of action in the present suit in DuPage County and in the prior suits in Kane County are, of course, not identical. The issue of wilful and wanton misconduct, or negligence, of Rudolph Franciscy, deceased, driver of the Franciscy car involved, is, however, identical. The ostensible parties plaintiff and defendant in the present suit were codefendants in the other actions in Kane County. Betty Ann Franciscy, administrator of the estate of Rudolph Franciscy, deceased, the plaintiff here, is represented by the same counsel as represented her as such administrator, as a defendant in the Kane County suits.

In the instant suit the plaintiff administrator, Betty Ann Franciscy, brought suit against the defendant administrator, Blanche Dalton Jordan, under the Injuries Act for the alleged wrongful death of Rudolph Franciscy, deceased, for the benefit of the widow and next of kin of the decedent Franciscy. The plaintiff necessarily alleged that her intestate was in the exer-

cise of reasonable care, and that the defendant's intestate Jordan was guilty of negligence proximately contributing to cause the death of Rudolph Franciscy. In the other suits in Kane County, although they were brought by the three brothers, guest passengers, of the decedent Franciscy for personal injuries against the administrator of the decedent Franciscy's estate and against the administrator of the decedent Jordan's estate, the matter of the wilful and wanton misconduct, or negligence, of the decedent Franciscy was, necessarily, an issue. The plaintiffs therein had to allege, so far as Franciscy is concerned, that he was guilty of wilful and wanton misconduct, and they did so allege. The defendant therein administrator of the Franciscy estate denied that allegation.

■ When some specific fact or question has been actually and directly in issue and has been adjudicated by a Court of competent jurisdiction in a former suit, and the same fact or question is again put in issue in a subsequent suit between parties or their privities who were parties in the former suit, its determination in the former suit, if properly presented and relied upon, is conclusive upon the parties and their privities in the latter suit, without regard to whether or not the cause of action is the same in both suits, and it cannot be again litigated in the subsequent suit upon the same or a different cause of action whatever may have been the nature of the first action or of the second action in which the estoppel is set up. Where the cause of action in the first suit is not the same as the cause of action in the second suit the Court's determination in the first suit on all questions actually decided is final and estops the parties and their privities from relitigating those questions in the second suit,—such is normally denominated as estoppel by verdict, is but another branch of the doctrine of res judicata, and rests on the same princi-

ples as res judicata: Rose v. Dolejs (1955), 7 Ill App 2d 267, 129 NE2d 281; Hanna v. Read et al. (1882), 102 Ill 596,—and it is sufficient for the purposes of the rule relating to a former adjudication, when relied on as an estoppel, that the parties be substantially the same; cf. Charles E. Harding Co. v. Harding (1933), 352 Ill 417, 186 NE 152. The executor of a decedent in a wrongful death suit is barred by estoppel by verdict where the defendant therein had during the decedent's lifetime sued the decedent for property damages arising out of the same occurrence and had recovered a judgment against the decedent,—such was necessarily a determination of negligence of the decedent,—immediately prior to his decease the decedent could not have maintained an action for personal injuries growing out of the same collision,—the issue on which the wrongful death case is bottomed was the same issue of fact which lay at the base of the judgment recovered by the defendant against the decedent,—and since the executor's right to recover damages under the Injuries Act depends on the decedent's right, during his lifetime, to recover damages for injuries arising out of the same collision the executor cannot recover: Little v. Blue Goose Motor Coach Co. (1931), 346 Ill 266, 178 NE 496.

In Stangle v. Chicago, R. I. & P. R. Co. (1961), 295 F2d 789, CA 7th, a case arising under Illinois law in which the facts are rather close to those here involved, one Zank was a guest passenger in an auto driven by one Stangle. There was a collision between the Stangle car and the defendant's train. The passenger Zank and the auto driver Stangle were injured. The passenger Zank sued Stangle and the railroad, the jury answered a special interrogatory "yes" that the driver Stangle was guilty of wilful and wanton misconduct, and returned a general verdict against both defendants. The auto driver Stangle then sued

the railroad. A summary judgment was entered for the defendant railroad on the grounds the prior adjudication in the prior suit estopped the plaintiff driver Stangle. The Court affirmed, saying that in Illinois parties need not be arrayed on opposite sides in the prior litigation nor formal issues be there drawn between them for collateral estoppel by verdict to apply, and held that the doctrine of collateral estoppel by verdict expressed in Rose et al. v. Dolejs, supra, was controlling.

And in Moran v. Lehman (1956) 7 Misc2d 994, 157 NYS2d 684, Municipal Court, City of NY, the facts again were rather similar to the present case. Costello was a passenger in Moran's car. They both were injured in an accident involving other vehicles. Costello, the passenger, sued Moran, the auto driver, and the trustees of Surface Transportation Corp. and others. The verdict was against Moran, and in favor of the trustees of Surface etc. and certain other defendants. The auto driver Moran then brought this suit against the trustees of Surface etc. and others. The defendants' motion to amend their answer, plead res judicata, and for summary judgment, was granted and the complaint dismissed. The Court said, pp 686, 687:

> "The question is therefore posed whether or not where one was a codefendant in a prior action wherein the basic issue of negligence was tried and determined he is precluded from later relitigating the same issue in a suit wherein he is the plaintiff. . . ."

> "This action turns on identical issue of negligence decided in the prior trial against the plaintiff Moran, codefendant in that action, who, as a litigant, had a full opportunity in the prior action to establish his freedom from liability or the

353

liability or culpability of another. Therefore, he will not be permitted to re-try that issue. . . ."

■ ■ The basis of the doctrine of estoppel by verdict is that the party to be affected, or someone with whom he is in privity, has litigated or has had an opportunity to litigate the same matter in a former action; one is not estopped or barred by a prior adjudication if he was not a party to such action or does not stand in the relation of privy to one who has a party: Smith v. Bishop (1962) 26 Ill2d 434, 187 NE2d 217.

Ill Rev Stats 1957, c 70, §§ 1 and 2 (in part),—the Injuries, or Wrongful Death, Act provide:

> "Sec. 1. Whenever the death of a person shall be caused by wrongful act, neglect or default, and the act, neglect or default is such as would, if death had not ensued, have entitled the party injured to maintain an action and recover damages in respect thereof, then and in every such case the person who or company or corporation which would have been liable if death had not ensued, shall be liable to an action for damages, notwithstanding the death of the person injured, and although the death shall have been caused under such circumstances as amount in law to felony."

> "Sec. 2. Every such action shall be brought by and in the names of the personal representatives of such deceased person, and, except as otherwise hereinafter provided, the amount recovered in every such action shall be for the exclusive benefit of the widow and next of kin of such deceased person. . . ."

■ Betty Ann Franciscy, individually, the widow, and Joy Lynn Franciscy, the child of Rudolph Fran-

ciscy, deceased,—the widow and sole next of kin of that decedent,—are not parties to this present wrongful death action. They are not named as such herein. They did not so appear. They had no right to adduce testimony, cross examine witnesses, or otherwise control the prosecution hereof. They are beneficiaries of the cause of action for wrongful death, but that is all. Betty Ann Franciscy, as administrator of the estate of Rudolph Franciscy, deceased, though she had in that capacity no beneficial interest in this alleged cause of action, legally possessed the sole right of action or control over the litigation. The widow and next of kin had no right of action for alleged wrongful death under the statute, or control over the litigation, but merely possessed a beneficial interest in the proceeds, if any, thereof. The fact the widow and next of kin were such beneficiaries did not make them plaintiffs herein: Smith v. Bishop et al., supra.

■ Under the Injuries, or Wrongful Death, Act, the "action shall be brought by and in the names of the personal representatives of such deceased person." Betty Ann Franciscy, as such administrator, is the only party by and in whose name this present suit could be brought. She, in that capacity, is the sole plaintiff and only proper plaintiff as to this alleged cause of action.

■ Under that Act, the defendant shall be liable only if the "act, neglect or default, is such as would, if death had not ensued, have entitled the party injured to maintain an action and recover damages in respect thereof." If death of Rudolph Franciscy had not ensued he as the party injured would not have been entitled to maintain an action and recover damages were he guilty of contributory negligence or wilful and wanton misconduct, or were he barred by estoppel by verdict in a prior suit from relitigating such issue in a later injuries suit. The present plain-

tiff administrator of that decedent's estate stands in no better position in this respect. She as such administrator had no better standing in this respect than would the decedent if living. She as such administrator is subject to the same defense, if any, and the same bar of estoppel by verdict, if any, as would be the decedent were he living. She acquires no better or greater right than the decedent himself.

The same Betty Ann Franciscy, as administrator of the estate of Rudolph Franciscy, deceased, who is the sole plaintiff and only proper plaintiff in this alleged cause of action in this present suit in DuPage County, was a codefendant in the other prior suits in Kane County. In those prior suits she, as such administrator, was the only proper party defendant on behalf of Rudolph Franciscy, deceased. Betty Ann, the widow, individually, and Joy Lynn, his daughter, the heirs or next of kin, were not parties defendant and would not have been proper parties defendant,—there was no cause of action against them and, individually, they did not represent or stand for Rudolph, the decedent. Betty Ann, as administrator, did, and if there was any cause of action against anyone as to Rudolph Franciscy, deceased, it lay only against her as such administrator.

The same question of whether Rudolph Franciscy was guilty of wilful and wanton misconduct, or negligence which would bar the present action, if established, was in issue in Kane County. This same administrator of the same decedent had the capacity in those prior suits to control the determination of that issue,—i. e., she as such administrator, as a co-defendant could plead, adduce testimony, cross examine witnesses, argue, and otherwise control, to the extent any party can, the defense thereof and could, and did, defend against that issue. Having such capacity, there is no injustice in precluding the identical party, now

356

the sole plaintiff here, from relitigating that issue here. There can be no sound objection to the assertion by the present defendant, a former codefendant in the prior suits, of the driver Franciscy's previously determined misconduct as a bar to this present suit in DuPage County. It is the same issue, so far as relevant, as in the prior suits. The administrator of the driver Franciscy's estate cannot be heard to say she is prejudiced since she as the self same party had full opportunity as a codefendant in the other suits to litigate the issue of the decedent driver Franciscy's conduct: 51 Ill Bar Journal, Nov, 1962, p 249.

 That specific fact or question has been actually and directly in issue and has been adjudicated. The same party plaintiff here was a party defendant there. Its prior determination is conclusive. In legal effect, immediately prior to his decease, the decedent Franciscy could not have maintained an action for personal injuries against this defendant growing out of the same collision, because of his misconduct and estoppel by verdict. So far as relevant, the issue on which this wrongful death case is bottomed is the same issue of fact which lay at the base of the prior verdicts and judgments. Since the present plaintiff administrator's right to recover damages under the Injuries, or Wrongful Death, Act depends in this respect on the decedent's right, during his lifetime, to recover damages for injuries arising out of the same collision, the administrator cannot recover. Where the administrator is a codefendant in the prior actions where that basic issue was tried and determined she is precluded from later relitigating the same issue in this suit where she is the plaintiff. The party to be affected has litigated, or has had an opportunity to litigate, the same matter in the former actions. The administrator of the estate of Rudolph Franciscy,

deceased, is no less such a party here as plaintiff than in the other suits as a codefendant.

Of the cases referred to by the plaintiff, Cleveland v. Cleveland (1907), 225 Ill 570, 80 NE 302, Vukovich v. Custer (1952), 347 Ill App 547, 107 NE2d 426, McDavid v. Fiscar (1951), 342 Ill App 673, 97 NE2d 587, and Strong v. Hodges (1951), 344 Ill App 306, 100 NE2d 667 involved no questions at all of estoppel by verdict or res judicata. Bryntesen v. Carroll Const. Co. (1961), 22 Ill2d 63, 174 NE2d 172 and Voorhees v. Chicago & A. R. Co. (1917), 208 Ill App 86 involved such a question, but the relevant facts therein are not similar to those of the present case.

This plaintiff is estopped and barred by the prior finding, verdicts, and judgments from maintaining the present suit.

In this view, it is not necessary to discuss the other error relied upon by the defendant.

The judgment is reversed.

Reversed.

WRIGHT and SPIVEY, JJ., concur.