Lawerance A. Chidester, as Administrator of the Estate of Richard Chidester, Deceased, Lawerance A. Chidester, as Administrator of the Estate of Evelyn Chidester, Deceased, Lawerance A. Chidester, as Administrator of the Estate of Kim Chidester, Deceased, Lawerance A. Chidester, as Administrator of the Estate of Robin Chidester, Deceased, Lawerance A. Chidester, as Administrator of the Estate of Richard Chidester, Jr., Deceased, Lawerance A. Chidester, as Administrator of the Estate of Romona Chandler, and Philip Thomas, as Administrator of the Estate of Dorothy Thomas, Deceased, Plaintiffs-Appellees, v. Merritt E. Cagwin, d/b/a M. E. Cagwin Trucking Company, Orrin Sheer and John W. Popenhagen, Defendants, Merritt E. Cagwin, d/b/a M. E. Cagwin Trucking Company, and Orrin Sheer, Certain Defendants-Appellants.

Gen. No. 66–49.

Second District.

December 8, 1966.

O'Brien, Burnell, Puckett & Barnett, of Aurora, for appellants.

Reid, Ochsenschlager, Murphy & Hupp, of Aurora, for appellees.

MR. JUSTICE DAVIS delivered the opinion of the court.

This suit was brought in the Circuit Court of the 16th Judicial Circuit, Kane County, by Lawerance A. Chidester, as Administrator of the Estates of Richard and Evelyn Chidester and of their children, Kim, Robin and Richard Chidester, Jr., and of Romona Chandler, and by Philip Thomas, as Administrator of the Estate of Dorothy Thomas, against the defendants, Merritt E. Cagwin, d/b/a M. E. Cagwin Trucking Company, Orrin Sheer and John W. Popenhagen, in which the plaintiffs, as administrators of the respective estates, seek to recover the funeral and burial expenses of the respective decedents.

The plaintiffs had brought a prior action under the Injuries Act (Ill Rev Stats 1965, c 70, par 1, et seq.) for the wrongful deaths of the respective decedents. In that litigation, judgments were entered against all of the defendants with the exception of Popenhagen. These judgments were affirmed by this court (43 Ill App2d 336, 193 NE2d 233), and were paid and satisfied. In the case at bar, the trial court granted plaintiffs' motion for summary judgment on the question of liability against the defendants, Cagwin and Sheer, based upon the prior judgments. After a trial on the question of damages, the court entered judgment against these defendants for the funeral and burial expenses of the respective decedents in the amounts which were proven.

The defendants have prosecuted this appeal and contend that the administrators, as plaintiffs, could have no cause of action for burial and funeral expenses other than that specified in section 2(c) of the Injuries Act (Ill Rev Stats 1965, c 70, par 2(c)), which provides in part:

"Where the deceased person left no widow or next of kin entitled to recovery, the damages shall, sub-

ject to the following limitations inure, to the exclusive benefit of the following persons, or any one or more of them:

" . . .

"(c) to the personal representatives, as such for the costs and expenses of administering the estate and prosecuting or compromising the action, including a reasonable attorney's fee. In any such case the measure of damages to be recovered shall be the total of the reasonable value of such hospitalization or hospital service, medical and surgical services, funeral expenses, and such costs and expenses of administration, including attorney fees, not exceeding the foregoing limitations for each class of such expenses and not exceeding $900 plus a reasonable attorney's fee."

The defendants conclude that, since the decedents left next of kin, there can then be no recovery by the administrators for funeral expenses in that the Injuries Act gives them a right to sue for such expenses only when no spouse or next of kin survives. However, the plaintiffs' suit for funeral and burial expenses was not founded upon the Injuries Act, but was based upon a common-law right of action in the administrator to sue for these damages. For a long period of time, Illinois did not recognize a common-law right to sue for funeral expenses. Such position was apparently a corollary of the old common-law rule that no action could be maintained for the death of a person. This concept, and the denial of such a common-law right, was unequivocally laid to rest by our Supreme Court in Saunders v. Schultz, 20 Ill2d 301, 170 NE2d 163 (1960).

In Saunders, at pages 309 and 310—after an extensive review of the development of the common law with respect to the recovery of damages where one dies from injuries wrongfully inflicted by another—the court held that there no longer existed any legally cogent reason for

denying a spouse the right to recover for medical and funeral expenses incurred on behalf of a mate, wrongfully injured or killed. The court, in arriving at this conclusion, observed at page 307, ". . . that a common-law rule is not in force when the reasons for it have ceased to exist, or it is not adapted to existing conditions."

The court specifically held in Saunders that a surviving spouse could recover the medical and funeral expenses incurred on behalf of a mate who was wrongfully killed. The rationale of the decision was: First, that the previous rule denying such recovery was but a "corollary of the archaic common-law rule that there could be no recovery for the death of a human being, which is no longer the law," and second, a surviving spouse is personally liable under the family expense statute for medical and funeral expenses of the other spouse. The court observed at page 210, that the resulting liability for such expenses constituted very real damages and that, "Since that liability results from defendant's tortious conduct, it is only legally sound, and in accordance with basic negligence principles, that the burden of such damages should fall, not on the innocent victim, but upon the tortfeasor."

This rationale is equally apropos to the plaintiffs' claim in this case. Claims for the funeral expenses of the decedents were filed against their respective estates and were allowed by the probate court. The liability of the estate and the consequent damages suffered by it are equally as real as those suffered by a surviving spouse under the family expense statute. The reason for the recognition of the right of a surviving spouse to recover for the liability incurred for medical and funeral expenses in case of a wrongful death is no more compelling than that for the acknowledgment of the same right in an administrator or executor for the same liability suffered in an estate.

Indeed, the Supreme Court in Saunders indicated as much stating at page 310 as follows:

481

"Inasmuch as it is the genius of our common law that it can be, and is, responsive to the changing obligations and relationships within our legal system, we believe that the common law should be construed to permit the recovery of such funeral and medical expenses *in an action either by the decedent's estate, or, as in the instant case where no such claim was made, by the surviving spouse.* This interpretation is supported not only by cogent reasoning, but by the dominant judicial opinion in other jurisdictions, and earlier decisions of our courts." (Italics ours.)

And, at page 311, the Supreme Court overruled the earlier cases which held that medical and funeral expenses could not be recovered by a surviving spouse or an estate, in the following language:

"The estate or the spouse, either or both as the circumstances indicate, are entitled to recover for pecuniary losses suffered by either or both which are not recoverable under the Wrongful Death Act, and all cases holding the contrary are overruled."

Subsequently, in Eggimann v. Wise, 56 Ill App2d 385, 206 NE2d 472 (1965), the Appellate Court, in a suit by the administrators of certain estates, recognized their separate cause of action against the negligent tortfeasor to recover for medical, hospital and funeral expenses of a decedent. At page 392, the court stated that it could see no reason why the administrators, in a separate cause of action, could not recover for these expenses, irrespective of whether or not there was a surviving spouse, if under the facts there was otherwise a cause of action, i. e., if the damages were proximately incurred by reason of defendant's negligence and the decedent was not contributorily negligent.

The same rule applies where a parent becomes liable for the medical and funeral expenses of his son under

482

the family-expense section of the Husband & Wife Act (Ill Rev Stats 1965, c 68, par 15), and a parent may sue and recover for such expenses in his own name. Graul v. Adrian, 32 Ill2d 345, 347, 205 NE2d 444 (1965). The essence of these cases is that where legal liability results to an individual or an estate for the medical, hospital and funeral expenses of one who dies by reason of the wrongful acts of a third party, the burden of the damages must fall on the wrongdoer and not the innocent party; and the individual or the estate, as the case may be, has a cause of action—separate and distinct from any cause of action they might have had under the Injuries Act— for the medical and funeral expenses for which they thus became liable.

The defendants argue that the 1949 amendment to the Injuries Act, wherein it was added that the damages recoverable under the Act should include certain medical, hospital, funeral expenses and certain costs, expenses and fees in administering the estate *"where the deceased person left no widow or next of kin entitled to recovery"* means that the administrator may not sue for hospital, medical or funeral expenses where there is a surviving spouse or next of kin. They argue that the intent of the amendment was to relieve the harsh effect of the common-law rule that all damages abate on the death of the injured person and that the legislature gave an additional recovery to the personal representative but limited it to those instances where the deceased left no surviving widow or next of kin.

We need not consider the legislature's intent, for the sum of the matter is that the plaintiffs here did not rely on the Injuries Act, but relied upon a common-law right of action that our Supreme Court has recognized as existing after the 1949 amendment to said Act. It is interesting that under the defendants' analysis, an administrator should be entitled to recover medical and funeral expenses where there are no next of kin; but,

where there are next of kin, who are to share the net proceeds of the estate and may have no other means of seeking redress for medical and funeral expenses incurred by reason of the wrongful acts of another, the administrator is to be denied the right to seek reimbursement for such expenses. The capacity of the common law to preclude such injustice sustains the view that its genius and glory lie in its responsiveness to the existing realities of a dynamic and changing society, and to its awareness of the value of stability and tradition without being irrevocably committed to outworn precedent.

■ In the case at bar, the decedent left surviving "next of kin." Consequently, we are not required to consider the effect of the Injuries Act in its application to those cases in which there is neither a widow or next of kin surviving. The section of the Act to which defendants refer has no application where there is either a widow or next of kin surviving. In such a case, the pecuniary injuries recoverable under the Injuries Act do not include the medical, hospital or funeral expenses. Graul v. Adrian, supra, 346; Ohnesorge v. Chicago City Ry. Co., 259 Ill 424, 430, 102 NE 819 (1913). However, a distinct and separate cause of action apart from the statute may exist for the recovery of these expenses. Such a right exists in the case at bar.

■ ■ Defendants further assert that plaintiffs are barred from seeking the damages sought under the doctrine of res judicata. It is their contention that the plaintiffs' prior wrongful death actions bar any subsequent actions for damages which they might have sought in the first suit. If res judicata is to be applied and a former judgment held to be a complete bar to a subsequent action, both as to matters actually adjudicated in the first action and as to those matters which could have been raised but were not, there must be—as between the actions—identity of parties, of subject matter and of cause of action. Smith v. Bishop, 26 Ill2d 434, 436,

484

187 NE2d 217 (1962); Chas. Ind Co. v. Cecil B. Wood, Inc., 56 Ill App2d 30, 36, 205 NE2d 786 (1965). Here, there is not an identity of cause of action as we have hereinbefore indicated. The cause of action now asserted is a common-law right—an action which is distinct from that which was previously asserted under the Injuries Act. Consequently, the prior suit is not a bar to this action.

■ Lastly, the defendants contend that it was error for the trial court to rule that the prior decisions estopped them from again litigating the issue of liability. Where the parties to the litigation are the same and the same subject matter is the basis for the action, but the cause of action is different, the prior decision operates as an estoppel only as to those matters in issue and is conclusive only as to those questions actually raised and determined therein. This is sometimes called estoppel by verdict. Smith v. Bishop, supra; Chas. Ind Co. v. Cecil B. Wood, Inc., supra. Undoubtedly, the question of the negligence of the defendants and the freedom of the decedents from contributory negligence—and hence the question of liability—was raised and determined in the first suit. The identical question of liability is present in this suit.

But defendants contend there is not the requisite identity of parties. They contend that in the first suit the administrators sued on behalf of the next of kin, who were the real parties in interest; and that in this suit the administrators sued on behalf of the estates, which are the real parties in interest. This identical question was before us in the case of Franciscy v. Jordan, 43 Ill App2d 344, 352, 193 NE2d 219 (1963), where the plaintiff sued as administrator under the Wrongful Death Act on behalf of the widow and next of kin, and had previously defended in an action against the estate, on behalf of the estate. We there held the identity of parties was sufficient for the application of the doctrine of estoppel

by verdict; and that under such circumstances it is sufficient if there is substantial identity of the parties.

 The present case is even stronger. The defendants in this case are the identical defendants against whom the question of liability was determined in the first case, and against whom the doctrine of estoppel by verdict was asserted in the second case. The basis of the doctrine is that the party against whom estoppel by verdict is asserted, or someone with whom he is in privity, must have litigated or contested the particular question in a former action. Franciscy v. Jordan, supra, 354. The required identity or privity of the parties, essential as a proper safeguard for the party against whom the doctrine of estoppel is asserted, is that they are either identical or in privity with the party who litigated, and lost, the particular issue in the prior litigation. There need not be complete identity of all parties in both proceedings. (See cases cited in 43 Ill App2d 352, 353, 193 NE2d 219.) It has been held that the party asserting the application of the doctrine of estoppel by verdict against another need not have been a party to the prior suit. United States v. United Air Lines, Inc., 216 F Supp 709, 725, 726, 727 (ED Wash 1962). Also see: Barbour v. Great Atlantic & Pacific Tea Co., 143 F Supp 506, 507, 508 (ED Ill 1956) and Bernhard v. Bank of America Nat. Trust & Savings Ass'n, 19 Cal2d 807, 122 P2d 892, 894, 895 (1942).

For the reasons indicated, we hold that the trial court properly held that the defendants were estopped by verdict from again litigating the question of their liability. In view of our conclusion, the judgment of the Circuit Court is affirmed.

Judgment affirmed.

MORAN, P. J. and SEIDENFELD, J., concur.