WAYNE F. HOUGHTON, Plaintiff-Appellant, Cross-Appellee, v. ROBERT W. NOVAK, Defendant-Appellee, Cross-Appellant.

(No. 71-286; )

Second District—February 15, 1973.

David R. Babb, of Belvidere, for appellant.

Robert K. Clark, of Rockford, for appellee.

Mr. JUSTICE SEIDENFELD delivered the opinion of the court:

The plaintiff, Wayne F. Houghton, filed a small claims action to recover for hospital and medical bills paid as a result of an automobile accident in which his wife and child were injured in a collision with an automobile driven by defendant, Robert W. Novak. The defendant filed a motion to dismiss alleging that plaintiff's wife and the guardian of the child's estate had previously sued defendant in separate counts of a single action, with each alleging injury in the accident and seeking damages which included the same hospital and medical expenses now sought; and that the trial resulted in a verdict for the defendant. Defendant also sought costs and attorney's fees pursuant to section 41 of the Civil Practice Act (Ill. Rev. Stat. 1971, ch. 110, sec. 41), charging that the litigation was baseless. Defendant's motion to dismiss plaintiff's claim was granted; but costs and attorney's fees were denied to the defendant.

Plaintiff appeals from the dismissal of his claim. Defendant cross-appeals from the denial of his motion for costs and attorney's fees.

Plaintiff argues that, since he was not a party to the personal injury suit, he is not precluded from seeking his statutory recovery for hospital and medical expenses under the "Expenses of family" provision of the Rights of Married Women Act. (Ill. Rev. Stat. 1971, ch. 68, sec. 15.) He claims that the statute grants him a separate cause of action from that of his wife.

The relevant portion of the statute states:

"Sec. 15. The expenses of the family and of the education of the children shall be chargeable upon the property of both husband

and wife, or of either of them, in favor of creditors therefor, and in relation thereto they may be sued jointly or separately."

■■ At common law, a wife had no liability for services rendered her. Rather, her husband was solely liable for such expenses under his duty of support. (*Purity Baking Co. v. Industrial Com.* (1929), 334 Ill. 586, 588; *Hudson v. Sholem & Sons* (1895), 65 Ill.App. 61, 65.) It is only pursuant to the Married Women Act, and specifically Section 15, that the wife became equally liable for such expenses with her husband, and could then sue to recover the expenses from a third party tort feasor. (*West Chicago Street R.R. Co. v. Carr* (1897), 170 Ill. 478; *Sczuck v. Chicago Railways* (1923), 229 Ill.App. 325; and see 21 A.L.R.3d 1113, 1145.[1]) Thus, any claim by a wife for her own expenses is based on the "family expense" provision. In the suit before us, the husband also bases his claim on the same statute.

■■ Here, the wife sued and was denied recovery because the jury in effect found that the defendant was not guilty of negligence. She specifically sought her medical expenses. In our view, this bars the plaintiff from seeking the same property rights which were litigated in the wife's suit. The language of the statute does not contemplate that the husband and wife may sue separately and successively to recover the same expenses for which they are obligated jointly and separately. The statute in creating the obligation of both the husband and wife for these expenses, reasonably construed, contemplates only a single cause of action for recovery against a third party charged with negligence. In the absence of proof as to which has paid the expenses, both the husband and wife remain liable, and either can bring an action to recover for the expenses. (See *Antrim v. Noonan* (1914), 186 Ill.App. 360, 366.) Under the statute, the plaintiff had a mutual relationship to the same property rights which were the subject matter of the prior litigation, and he was thus in privity with the suit of his wife. See *Sweeting v. Campbell* (1954), 2 Ill.2d 491, 496; *Smith v. Bishop* (1962), 26 Ill.2d 434, 438.

■■ Similarly, plaintiff is barred from seeking the child's medical expenses because his wife, by acquiescing in the guardian's claim for this item of damages, waived the parents' claim for such family expenses under the statute. See *White v. Seitz* (1930), 258 Ill.App. 318, 326, rev. other grounds, 342 Ill. 266; *McHugh v. Hirsch Clothing Co., Inc.* (1941), 308 Ill.App. 272, 275.

■■ Defendant has filed a motion in this court to amend his motion to dismiss which had been filed in the trial court by adding an allegation

---

[1] We are not confronted with an issue as to whether a wife who does recover family expenses is required to account to her husband in the event he subsequently makes the payments.

and an exhibit which would show that both the plaintiff and his wife petitioned the circuit court for the appointment of a guardian to act on behalf of their minor daughter in the presentation of the personal injury claim; and to further allege that the same counsel appeared in both the prior suit and this. Since in our view we do not believe these allegations are decisive of any issue in the case, we deny the motion.

The cross-appeal seeking damages under Rule 41 of the Civil Practice Act is denied since we find the issues raised by the plaintiff had a reasonable basis and were in good faith.

We affirm the judgment below.

Affirmed.

T. MORAN and ABRAHAMSON, JJ., concur.