MARY FOUNTAS, Indiv. and as Adm'r of the Estate of Stavros Fountas, Deceased, Plaintiff-Appellant, *v.* DR. J. ERNEST BREED *et al.*, Defendants-Appellees—(Dr. Philip Thorek *et al.*, Defendants).

First District (4th Division)   No. 82—2243

Opinion filed September 29, 1983.

Mitgang, Levine and Schwartz, and Goldberg & Goldberg, both of Chicago (John B. Schwartz, Carl Nusbaum, and Michael J. Radtke, of counsel), for appellant.

Hinshaw, Culbertson, Moelmann, Hoban & Fuller, of Chicago (Stanley J. Davidson and John G. Langhenry, Jr., of counsel), for appellees.

PRESIDING JUSTICE ROMITI delivered the opinion of the court:

Deceased, before his death, filed a malpractice action against several parties, including defendants-appellees, J. Ernest Breed and Breed Radium Institute. His wife was joined as a party plaintiff. Immediately after his death the malpractice complaint was voluntarily dismissed without prejudice. Later it was reinstated on defendants-appellees' motion. Several months later it was dismissed with prejudice for failure to serve summons on defendants within a reasonable time. A few months thereafter the administrator filed the present action against the parties, including defendants Breed and Breed Radium Institute, seeking recovery under the Wrongful Death Act (Ill. Rev. Stat. 1981, ch. 70, pars. 1, 2), and for funeral and medical expenses. The trial court held the action for wrongful death and for medical and funeral expenses was barred by the previous judgment, dismissing the common law malpractice suit. We reverse as to the claim under the wrongful death action and for funeral expenses. We agree that the claim for medical expenses is barred under the doctrine of *res judi-*

*cata.*

In 1978, decedent Fountas filed a malpractice action against several defendants including Dr. Breed and the Breed Radium Institute (hereinafter referred to as defendants). The complaint was amended three times and decedent's wife was added as a party plaintiff. Naturally her claim was at that time basically one for loss of consortium; however the complaint does not specifically so limit her claim. The last amended complaint alleged that defendants last treated decedent on May 31, 1978 (the first treatments by defendants were prior to May 1976). On July 9, 1979, the defendants filed a motion to dismiss pursuant to Supreme Court Rule 103(b) (73 Ill. 2d R. 103(b)). That rule provides that if the plaintiff fails to exercise reasonable diligence to obtain service, the case may be dismissed without prejudice if the failure was prior to the expiration of the statute of limitations or with prejudice, if the failure was after the expiration of the statute of limitations. Under Supreme Court Rule 273 (73 Ill. 2d R. 273), such dismissal operates as an adjudication on the merits. There is nothing in the record indicating that there was any hearing on the motion prior to March 26, 1980.

On February 1, 1980, decedent died. On March 26, 1980, plaintiff's motion for a voluntary nonsuit was granted. However, on May 19, 1980, the order granting the nonsuit was vacated on defendants' motion.[1] On October 3, 1980, eight months after decedent's death, defendants' motion to dismiss was granted with prejudice. Such dismissal is only proper if the failure to serve existed past the expiration of the statue of limitations. In the complaint decedent had alleged conduct occurring on May 31, 1978, only about one year prior to the filing of the motion to dismiss. Obviously if this date had been brought to the attention of the trial court in that case, any dismissal would not have been with prejudice. The trial court indicated in the record that it was with great reluctance that it was entering the order. At the hearing, plaintiffs' counsel never argued the 1978 date.

---

[1]This court is aware of the rule that where a case was dismissed, the trial court not retaining jurisdiction, and nothing in the record shows that the trial court had regained jurisdiction after the expiration of the 30-day period when it entered the order vacating the dismissal, the appellate court cannot in the absence of such showing presume the trial court had jurisdiction but would have to conclude that the court had no jurisdiction and that all proceedings taken thereafter were void. (*Bell Auto Repair & Painting Corp. v. Giddings* (1952), 346 Ill. App. 209, 104 N.E.2d 659 (abstract).) However since plaintiff failed to raise this issue, it is waived. *Taylor v. County of St. Clair* (1974), 57 Ill. 2d 367, 312 N.E.2d 231.

He stated the complaint alleged a course of treatment through August 23, 1977. The trial judge correctly found that there was no allegation that the treatment which began in May 1976 ended in 1977. Accordingly since the 1978 treatment was never argued, he was bound by the 1976 date and dismissed the case against appellees with prejudice. A Supreme Court Rule 304(a) finding making that dismissal enforceable and appealable was entered. However no appeal was taken.

On March 25, 1981, Mary Fountas as administrator (hereinafter called plaintiff) filed the present action. In it she alleged the same conduct and same dates mentioned in the first action. Defendants successfully moved to dismiss the action because (1) it was barred by *res judicata*; (2) the ability to bring a wrongful death action is based on the decedent's ability to have brought suit had he survived and decedent could not have done so since his action was dismissed with prejudice.

I

■■■■ Even though two lawsuits may involve the same parties or the same factual situation, the doctrine of *res judicata* is only applicable when the two lawsuits involve the same cause of action. (*Baird & Warner, Inc. v. Addison Industrial Park, Inc.* (1979), 70 Ill. App. 3d 59, 387 N.E.2d 831.) Two claims are not necessarily the same cause of action merely because they arose out of the same general transaction or set of facts. (*Stephan v. Yellow Cab Co.* (1975), 30 Ill. App. 3d 996, 333 N.E.2d 223; 23A Ill. L. & Prac. *Judgments* sec. 343 (1979).) The Wrongful Death Act created an independent cause of action (*Ohnesorge v. Chicago City Ry. Co.* (1913), 259 Ill. 424, 102 N.E. 819), which is a separate cause of action from a personal injury action (*Vukovich v. Custer* (1952), 347 Ill. App. 547, 107 N.E.2d 426, *rev'd on other grounds* (1953), 415 Ill. 290, 112 N.E.2d 712), and from a common law action for medical or funeral expenses. (*Chidester v. Cagwin* (1966), 76 Ill. App. 2d 477, 222 N.E.2d 274.) Furthermore after decedent's death, the lawsuit became, in effect, one under the survival statute. (Ill. Rev. Stat. 1979, ch. 110½, par. 27—6.) Such action is recognized to be separate and distinct from an action for wrongful death. (*Murphy v. Martin Oil Co.* (1974), 56 Ill. 2d 423, 308 N.E.2d 583; *Mitchell v. United Asbestos Corp.* (1981), 100 Ill. App. 3d. 485, 426 N.E.2d 350.) As stated in *Mitchell v. United Asbestos Corp.* (1981), 100 Ill. App. 3d 485, 502-03, 426 N.E.2d 350, 362:

"Although action is to be brought under the Wrongful Death Act by and in the name of the personal representative of the

deceased person, the legislative intent of the Act is that the claims brought are those of the individual beneficiaries. (*Wilbon v. D. F. Bast Co.*) By contrast, a claim under the survival statute is that of the deceased which arose during his life and survived his death. The statutes are not the same, and in *Murphy v. Martin Oil Co.* (1974), 56 Ill. 2d 423, 308 N.E.2d 583, our supreme court stated:

'The statutes were conceptually separable and different. The one related to an action arising upon wrongful death; the other related to a right of action for personal injury arising during the life of the injured person.' *Murphy v. Martin Oil Co.* (1974), 56 Ill. 2d 423, 431, 308 N.E.2d 583, 586-87.

Where a cause of action is brought both for wrongful death and for personal injury arising during the life of the deceased, both statutes must come into effect. As stated in *Murphy*:

'[W]here there have been wrongful death and survival statutes the usual holding has been that actions may be concurrently maintained under those statutes. The usual method of dealing with the two causes of action *** is to allocate conscious pain and suffering, expenses and loss of earnings of the decedent up to the date of death to the survival statute, and to allocate the loss of benefits of the survivors to the action for wrongful death.' *Murphy v. Martin Oil Co.* (1974), 56 Ill. 2d 423, 429, 308 N.E.2d 583, 586."

■ Appellees contend that the doctrine of *res judicata* applies because plaintiff could have added a claim for wrongful death to the original lawsuit once decedent died. Such joinder would be permitted under section 44 of the Civil Practice Act. (Ill. Rev. Stat. 1981, ch. 110, par. 44; see *Mitchell v. United Asbestos Corp.* (1981), 100 Ill. App. 3d 485, 426 N.E.2d 350.) But the plaintiff was not required to do so. Where there are two separate causes of actions insured's failure to join them in the first action does not bar the bringing of a later suit on the second cause of action. *Chidester v. Cagwin* (1966), 76 Ill. App. 2d 477, 222 N.E.2d 274.

■ The doctrine of collateral estoppel also does not bar recovery. Unlike the doctrine of *res judicata*, the doctrine of collateral estoppel is only applicable where the issue is actually and necessarily litigated and determined in the first action. (*Baird & Warner, Inc. v. Addison Industrial Park, Inc.* (1979), 70 Ill. App. 3d 59, 387 N.E.2d 831.) A Rule 273 adjudication on the merits has no greater weight than a general jury verdict and since a jury could have denied recovery merely on a finding of no damages, such a judgment will not be applied to

bar a separate claim arising out of the same transaction. (*Stephan v. Yellow Cab Co.* (1975), 30 Ill. App. 3d 996, 333 N.E.2d 223.) In that case suit by the insurer to recover property damage was allowed although the insured's suit (to whose rights the insurer was subrogated) had been dismissed with prejudice.

II

Section 1 of the Wrongful Death Act (Ill. Rev. Stat. 1981, ch. 70, par. 1) provides:

"Sec. 1. Whenever the death of a person shall be caused by wrongful act, neglect or default, and the act, neglect or default is such as would, if death had not ensued, have entitled the party injured to maintain an action and recover damages in respect thereof, then and in every such case the person who or company or corporation which would have been liable if death had not ensued, shall be liable to an action for damages, notwithstanding the death of the person injured, and although the death shall have been caused under such circumstances as amount in law to felony."

While the language of the statute would seem to be oriented toward the question whether the defendant's conduct gives rise to a cause of action, the statute has been interpreted to require that the decedent on the date of his death be able to bring a cause of action. (*Lambert v. Village of Summit* (1982), 104 Ill. App. 3d 1034, 433 N.E.2d 1016.) Thus a release or accord and satisfaction by the deceased during his lifetime constitutes a defense to a wrongful death action. (*Little v. Blue Goose Motor Coach Co.* (1927), 244 Ill. App. 427.) Likewise it has been held that if the deceased once had a claim but it was barred by limitations *on or before* the date of his death, a wrongful death action will not lie. (*Real v. Kim* (1983), 112 Ill. App. 3d 427, 445 N.E.2d 783; *Lambert v. Village of Summit* (1982), 104 Ill. App. 3d 1034, 433 N.E.2d 1016.) But the controlling date is the date of his death. For example, the administrator may bring a wrongful death action even though the time to bring a survival action has expired. *Mitchell v. United Asbestos Corp.* (1981), 100 Ill. App. 3d 485, 426 N.E.2d 350.

Defendants contend that decedent commenced a lawsuit during his lifetime, which lawsuit was adjudicated against decedent, and thus he could not bring another action. It is of course true that if a person brings a suit during his lifetime which lawsuit is adjudicated either for or against plaintiff during his or her lifetime, plaintiff cannot again bring the same action and thus a wrongful death action will not lie. (*Little v. Blue Goose Motor Coach Co.* (1927), 244 Ill. App. 427.) But

here there was no such adjudication during decedent's lifetime. Rather, the adjudication only occurred after decedent's death when the action was transformed into a survival action belonging to the administrator.

■ Defendant's contention is apparently based on the supposition that the adjudication in October established that in February decedent had no cause of action but that the case he filed was, at the time of his death, subject to dismissal with prejudice. This supposition is, however, contrary to fact. The complaint at the time of decedent's death alleged tortious conduct occurring in 1978. Service was made in 1979. Under the Supreme Court Rule the complaint could only have been dismissed without prejudice; not with prejudice. Furthermore, it appears from the record that at the time of his death decedent still had an absolute right under section 52 of the Civil Practice Act (Ill. Rev. Stat. 1979, ch. 110, par. 52), to dismiss the action without prejudice. It was only after decedent's death that counsel by his conduct and failure to pursue the issues waived both the allegations of the complaint and the absolute right to dismiss. The court's determination was made not upon the original complaint but upon the issues formed by the attorney's conduct. But counsel's power to bind decedent terminated automatically upon decedent's death. (*Gould Coal Co. v. Excelsior Brewing Co.* (1960), 26 Ill. App. 2d 488, 168 N.E.2d 805 (abstract of opinion); Restatement (Second) of Agency sec. 120 (1958).) Thus it would be improper to impute this waiver to decedent so as to retroactively bar a perfectly good cause of action.

In addition, it should be noted that until 1974, a tort action for injuries which resulted in death did not survive the injured party's death and the wrongful death action was the sole remedy. (*Murphy v. Martin Oil Co.* (1974), 56 Ill. 2d 423, 308 N.E.2d 583.) Thus any action brought by the injured party abated immediately upon his death from that injury. (*O'Connor v. Schwindaman* (1971), 131 Ill. App. 2d 869, 268 N.E.2d 455.) It follows that the legislature could not have expected or intended that conduct after the death of the injured party affecting the litigation brought during his or her lifetime could be found to bar a wrongful death action.

## III

■ Plaintiff's action for medical and drug expenses, etc. is barred by the doctrine of *res judicata* (*Houghton v. Novak* (1973), 9 Ill. App. 3d 699, 292 N.E.2d 905), since an identical claim for medical expenses was made in the first suit. Plaintiff as administrator is in privity with the decedent. *Franciscy v. Jordan* (1963), 43 Ill. App. 2d 344, 193

N.E.2d 219.

We are not convinced, however, that this bar should be applied to the claim for funeral expenses under the peculiar facts here present. At the time the suit was brought and at the time the motion to dismiss was filed by the appellees a claim for funeral expenses would have been inappropriate. After decedent's death, it could of course have been added. But plaintiff instead elected to nonsuit the action as she had an absolute right to do. The suit was only reinstated on motion of appellees, so that appellees could have it dismissed with prejudice. Accordingly this court feels that the doctrine of *res judicata* should under these unique circumstances be applied only to the claims actually pleaded and not to a claim which had just arisen and which plaintiff had had no reason to plead.

For the foregoing reasons, the judgment of the trial court finding the claim for medical, drug and related expenses to be barred is affirmed. The judgment holding the wrongful death action and the claim for funeral expenses to be barred is reversed and the case remanded for further proceedings.

Affirmed in part; reversed in part and remanded for further proceedings.

JIGANTI and JOHNSON, JJ., concur.