## NATIONAL LABOR RELATIONS BOARD v. ATLANTIC TOWING CO.

No. 12697.

United States Court of Appeals
Fifth Circuit.

Jan. 30, 1950.

Mozart G. Ratner, Principal Atty., Nat'l Labor Relations Bd., Washington, D. C., David P. Findling, Assoc. Gen. Counsel, Nat'l Labor Relations Bd., Washington, D. C., A. Norman Somers, Asst. Gen. Counsel, Nat'l Labor Relations Bd., Washington, D. C., for petitioner.

T. M. Cunningham, Savannah, Ga., for respondent.

Before HUTCHESON, Chief Judge and HOLMES and McCORD, Circuit Judges.

HOLMES, Circuit Judge.

The petition for enforcement was brought before this court upon an order issued pursuant to Section 10(c) of the National Labor Relations Act, as amended.[1] This court has jurisdiction of the proceedings under Section 10(e) of said Act.

The Seafarer's International Union and the National Maritime Union, hereinafter referred to as S. I. U. and N. M. U., respectively, were actively engaged in a contest to become the bargaining representative of the employees of the Atlantic Towing Company, hereinafter referred to as respondent. While this contest was in progress, Van Buren Hendrix, an employee of respondent, made a statement to some of the employees attending a meeting that he had overheard a conversation between respondent's general manager and a representative of the N. M. U. to the effect that the S. I. U. was trying to organize respondent's employees, and that N. M. U. had better beat S. I. U. to it. When this statement was reported the next morning to said general manager, he confronted Hendrix with it in the presence of two witnesses who were at the meeting and heard the statement made by Hendrix. Upon their agreeing that Hendrix had made the statement, although the latter denied it, the manager discharged him on the ground that he had falsely represented the facts.

Upon a charge filed on February 27, 1946, by the S. I. U., the National Labor Relations Board issued its complaint against the respondent, alleging facts to the effect that it had engaged in and was engaging in unfair labor practices affecting commerce within the meaning of Section 8(a) (1) and (3) and Section 2(6) and (7) of the National Labor Relations Act. In its answer, the respondent denied the commission of any unfair labor practices, and asserted that it discharged Van Buren Hendrix because he had untruthfully stated at a meeting of the Union that Captain Spencer, respondent's general manager, had informed the N. M. U. "that the Union was trying to organize the employees of respondent and that the C. I. O. had better beat the A. F. of L. to it."

The Trial Examiner issued an intermediate report on January 22, 1947, finding that the respondent had not engaged in the alleged unfair labor practices, and recommended that the complaint be dismissed. The Board, one member dissenting, rejected in part the Examiner's findings, and found that the respondent had, as alleged in the complaint, discharged Van Buren Hendrix for engaging in an activity protected by Section 7 of the Act, thereby violating Section 8(a) (1) and (3) thereof. The Board adopted the remainder of the Examiner's findings to the effect that all of the other charges in the complaint were without merit. Thereupon, it issued a cease and desist order, requiring the reinstatement of Hendrix with full reimbursement for his loss of earnings, which is the order that the Board is now petitioning this court to enforce. Since the issuance of said order, Hendrix has died, but this does not render the case moot because, if the court sustains the order, Hendrix's estate is entitled to be made whole for any loss of pay suffered by him.

---

1. The National Labor Relations Act, 49 Stat. 449, 29 U.S.C.A. § 151 et seq., was amended by Section 101 of Title I of the Labor Management Relations Act, 1947, effective August 22, 1947, 61 Stat. 136, 29 U.S.C.A. § 141 et seq.

■ Upon the facts before it, there was substantial evidence to empower the Board to find either that Hendrix did or did not deliberately lie in reporting Captain Spencer's remarks to those gathered at the union meeting. The Board found that he made a bona fide statement of his recollection of the conversation; and we are bound to enforce the order, since on the whole record there is substantial evidence to support this finding, even though we, or some other fact-finding tribunal, might fairly and reasonably have found the contrary. See N. L. R. B. v. Tex-O-Kan Flour Mills Company. 5 Cir., 122 F.2d 433, 438.

Accordingly, the petition to enforce the order will be granted.