725 P.2d 836

**Fred T. JONES, et al., Plaintiffs-Appellants,**

v.

**MONTGOMERY WARD & COMPANY, INC., Defendant-Appellee.**

**No. 7450.**

Court of Appeals of New Mexico.

Oct. 10, 1985.

Alejandro Duran, Jr., Salvador Ramirez, El Paso, Tex., for plaintiffs-appellants.

John R. Gerbracht, Martin, Cresswell & Hubert, P.A., Las Cruces, for defendant-appellee.

## OPINION

ALARID, Judge.

This case comes before this court on remand from the supreme court, 103 N.M. 45, 702 P.2d 990 after that court reversed our first opinion, which sustained the trial court's dismissal of plaintiff's action under NMSA 1978, Civ.P.R. 41(e) (Repl.Pamp. 1980). In its opinion, the supreme court directed this court to consider the remaining issue which challenges the district court's dismissal under NMSA 1978, Civ. P.R. 25(a) (Repl.Pamp.1980). We hold that dismissal was not proper under Rule 25(a) and reverse the trial court.

**FACTS**

This action arose out of a one-vehicle, tractor-trailer accident which occurred on July 11, 1974. Plaintiff (Fred T. Jones), the driver of the rig, filed suit pro se on July 8, 1977 to recover damages for personal injury and property damage. Plaintiff alleged that defendant (Montgomery Ward and Company, Inc.), through its employees, negligently installed a new inner tube on his vehicle without inspecting the tire's flap for creases. It is alleged that there were creases when the tire was installed. The creases caused a pinhole leak and a subsequent blowout of the tire months later, causing plaintiff's tractor-trailer to overturn, which resulted in his injuries.

Plaintiff filed a first amended complaint July 19, 1977 with the aid of counsel. He filed a second amended complaint May 5, 1978.

Defendant moved on June 18, 1981 to dismiss for failure to prosecute, but the district court denied this Rule 41(e) motion because plaintiff had been diligent in pursuing concurrent litigation in Texas against alleged joint tortfeasors.

The case had not yet gone to trial on June 25, 1982 when plaintiff died. Defendant filed a suggestion of death on February 2, 1983, after learning of plaintiff's death. Rule 25(a). Notice of the suggestion was served upon decedent's former counsel, Alejandro Duran, Jr.

On August 16, 1983, the district court dismissed plaintiff's action for failure to prosecute under Rule 41(e) and for failure to substitute parties within ninety days of the suggestion of death as required under Rule 25(a). Deceased plaintiff's former counsel filed the notice of appeal.

We consider only the propriety of dismissal under Rule 25(a).

**DISCUSSION**

**WHETHER DEFENDANT PROPERLY SUGGESTED PLAINTIFF'S DEATH SO AS TO COMMENCE THE RUNNING OF THE NINETY DAY SUBSTITUTION OF PARTIES PERIOD UNDER NMSA 1978, CIV.P. RULE 25(a) (Repl.Pamp.1980).**

Rule 25(a)(1) provides as follows:

If a party dies and the claim is not thereby extinguished, the court may order substitution of the proper parties. The motion for substitution may be made by any party or by the successors or representatives of the deceased party and, together with the notice of hearing, shall be served on the parties as provided in Rule 5 and upon persons not parties in the manner provided in Rule 4 for the service of a summons. Unless the motion for substitution is made not later than 90 days after the death is suggested upon the record by service of a statement of the fact of the death as provided herein for the service of the motion, the action shall be dismissed as to the deceased party.

The rule's own terms require a death, no-nextinguishment of decedent's claim by the fact of death, and a motion by a party or successor or representative of the deceased for substitution. Such motion must be filed within ninety days of the proper filing of a suggestion of death.

 It is undisputed that plaintiff died, and that his cause of action survives his death, *see Rodgers v. Ferguson,* 89 N.M. 688, 556 P.2d 844 (Ct.App.1976). No substitution of parties was proposed, but defendant, it is argued, forced substitution within ninety days when it suggested plaintiff's death on February 2, 1983. Before the ninety day period will commence, however, notice of suggestion of death must be served on all parties (under Rule 5) and interested nonparties (under Rule 4). Only decedent's attorney here was notified of the suggestion. The general rule is that the death of a party terminates the power of his attorney to act in his favor. *Mubi v. Broomfield,* 108 Ariz. 39, 492 P.2d 700 (1972); *Fountas v. Breed,* 118 Ill.App.3d 669, 74 Ill.Dec. 170, 455 N.E.2d 200 (1983); *State v. Dickens,* 214 Kan. 98, 519 P.2d 750 (1974); *Hamilton v. Hughey,* 284 Or. 739, 588 P.2d 38 (1978); *Vincent v. Vincent,* 16 Wash.App. 213, 554 P.2d 374 (1976). The question is whether decedent's former attorney here can receive effective Rule 25(a)(1) notice, either under NMSA 1978, Civ.P. Rule 4 or 5, as would properly trigger the ninety day period. We hold that he cannot.

 *Ransom v. Brennan,* 437 F.2d 513 (5th Cir.1971), considered whether the method prescribed by Fed.R.Civ.P. 4 or 5 must be followed to fulfill the Rule 25(a)(1) notice requirement. Rule 5 is clerical and administrative in nature; it pertains only to papers "subsequent to the original complaint." The rule is applicable only after the court has acquired *in personam* jurisdiction over the person to be served. *Ransom.* If the party is represented by counsel, these papers are served only on such counsel unless otherwise directed by the court. Rule 5(b). If the court has not acquired personal jurisdiction over the per-

sons to be served with a Rule 25(a)(1) suggestion of death, then Rule 4 is the proper mechanism to effectuate proper notice, because this latter rule is jurisdictionally rooted. *Mississippi Publishing Corp. v. Murphree,* 326 U.S. 438, 66 S.Ct. 242, 90 L.Ed. 185 (1946); *Ransom.* Notice in the present case was defective and did not start the ninety day period running either under Rule 4 or 5.

Assuming that Mrs. Jones was properly made her deceased husband's representative and that the district court had jurisdiction over Mrs. Jones, Rule 5 requires that she be served, through her attorney, with papers of legal import. A Rule 25(a)(1) suggestion of death requires such service. One problem under Rule 5 is that Mrs. Jones was not directly served with the suggestion, and there is no evidence that attorney Duran (the actual recipient of the suggestion) was her counsel or that he was authorized to receive service for her at the time service was given.

If the assumptions on jurisdiction and naming of Mrs. Jones as representative are not correct, then the court cannot rely on Rule 5 service because Mrs. Jones is not a "party" and has not been brought within the court's authority. No record evidence suggests Mrs. Jones or anyone else had been chosen as representative for decedent's estate when defendant filed its February 2, 1983 suggestion of death. If so, there would have been no one legally empowered to receive valid service under Rule 5. "It is elementary that one is not bound by a judgment *in personam* resulting from litigation in which he is not designated as a party or to which he has not been made a party by service of process." *Zenith Radio Corp. v. Hazeltine Research, Inc.,* 395 U.S. 100, 89 S.Ct. 1562, 1569, 23 L.Ed.2d 129 (1969). Decedent's attorney is not a person who could be made a party, he is not a representative of the deceased under Rule 25(a)(1), and therefore, he could not himself receive effective suggestion of death notice. *Rende v. Kay,* 415 F.2d 983 at 985.

Furthermore, *Ransom* rejected the idea that a court acquires automatic jurisdiction over a decedent's legal representative by virtue of its authority over the deceased. The new party to be substituted must be served with process and notice of suggestion under Rule 4. *See Mercer v. Morgan,* 86 N.M. 711, 526 P.2d 1304 (Ct.App.1974). Because the estate of Fred T. Jones (if in fact it now exists) never received Rule 25(a)(1) notice under Rule 4, the district court here was without authority over the estate to determine its rights, and therefore, the ninety day substitution of parties was not triggered.

The case of *Yonofsky v. Wernick,* 362 F.Supp. 1005 (S.D.N.Y.1973), suggests that notice to plaintiff's former counsel is sufficient for purposes of Rule 25(a)(1). The court pointed out that "it would be difficult for defendant to know whom else to serve beside [sic] plaintiff's former counsel." *Id.* at 1012. We do not dispute the potential difficulty for a defendant, who may not know whom to serve with the suggestion other than the plaintiff's former counsel. *Yonofsky,* however, ignores the important jurisdictional problem noted in *Ransom.*

Rule 25(a)(1) at this point leaves us in a quandry. The rule was tailored to permit parties or successors or representatives of the deceased to avoid delay in effecting substitution. *Rende,* 415 F.2d at 985. Yet, the rule's notice requirements as explained above appear to impede defendant in quickening the substitution process. Plaintiff decedent's former counsel need only foot-drag in seeking appointment of a representative to evade defendant's suggestion of death triggering of the ninety day period. Fred T. Jones died June 25, 1982, so under the Probate Code, plaintiff could conceivably delay appointment three or more years. NMSA 1978, § 45-3-108(A). Therefore, one of Rule 25(a)(1)'s crucial purposes appears to be frustrated.

However, there are counterbalancing incentives upon interested survivors of a decedent to get on with the process of settling the estate. *See generally* 1 *Uniform Probate Code Practice Manual* 239-65 (R. Wellman 2d ed. 1977). Foot-dragging in legal proceedings may in the proper case be visited with dismissal of plaintiff's action for failure to proceed. Rule 41(e). Moreover, a motion to substitute is granted in the discretion of the trial court, and if a party has unreasonably delayed filing such a motion, it may be denied and the case dismissed. 3B J. Moore and J. Kennedy, *Moore's Federal Practice* § 25.01[15] (2d ed. 1985). In any case, parties in defendant's position may petition a court for appointment of a personal representative or special administrator of the estate upon whom they might properly serve a suggestion of death in full compliance with Rule 25(a)(1) notice requirements. *See, e.g.,* NMSA 1978, § 45-3-614 to -618. Defendant here did not do so and should not now be permitted to rely on its service of a defective suggestion of death upon decedent's former attorney to save its dismissal.

The order of the district court dismissing plaintiff's complaint is set aside and the trial court is instructed to reinstate the case on its docket for trial on the merits.

IT IS SO ORDERED.

HENDLEY and MINZNER, JJ., concur.