2004-NMCA-016

87 P.3d 541

**Linda Ray HENRY, Plaintiff–Appellant,**

v.

**Robert L. DANIEL, Defendant–Appellee.**

No. 23,356.

Court of Appeals of New Mexico.

Nov. 12, 2003.

Certiorari Denied, No. 28,419,
Feb. 5, 2004.

Eric D. Dixon, Portales, NM, for Appellant.

Randy Knudson, Doerr & Knudson, P.A., Portales, NM, for Appellee.

## OPINION

VIGIL, Judge.

{1} This case requires us to construe Rule 1–025 NMRA 2003, which prescribes the timing and procedures to follow when a party to a lawsuit dies and a substitute party must be named. The trial court dismissed the complaint with prejudice on the ground that no motion to substitute parties was filed within ninety days after Robert L. Daniel (Defendant) filed a suggestion of Linda Ray Henry's (Plaintiff) death. We reverse, holding that the suggestion of death was not properly served on any successor non-parties to commence running of the ninety days.

## FACTS

{2} Plaintiff filed a complaint for dissolution of a partnership, accounting, and declaratory judgment. While the suit was pending, she established the Linda Ray Henry Revocable Living Trust (Trust) on October 4, 2001, to hold and manage assets, to be available as a receptacle to receive assets from her estate and proceeds of life insurance policies, and as part of a plan to dispose of her estate after her death. Plaintiff named herself Trustee, and her sisters Successor Co–Trustees upon her death.

{3} On December 18, 2001, Defendant's attorney filed a suggestion of death that Plaintiff had died and mailed a copy to Plaintiff's attorney. On March 22, 2002, Defendant filed a motion to dismiss, arguing that a suggestion of Plaintiff's death was served on December 18, 2001, and ·since no motion to substitute her successor or representative as plaintiff was filed within ninety days thereafter, dismissal was required by Rule 1–025.

Defendant's motion further argued that Plaintiff's sisters were authorized representatives of Plaintiff's estate because Plaintiff transferred her interests in the lawsuit into the Trust and the sisters were successor co-trustees of the Trust. Defendant added that the sisters had "actively participated in discovery" prior to Plaintiff's death and also participated in hearings "in her stead." Defendant finally argued that service of the suggestion of death was properly made on Plaintiff's attorney as "counsel for the successor" and therefore personal service of the "suggestion of death" upon the sisters was not required. *See Jones v. Montgomery Ward & Co.*, 104 N.M. 636, 638, 725 P.2d 836, 838 (Ct.App.1985) (suggesting service upon attorney for a decedent's personal representative, pursuant to Rule 1–005 NMRA 2003 concerning service of pleadings to a "party," may be sufficient for Rule 1–025; however, clarifying such service is not sufficient for a non-party who must be served pursuant to Rule 1–004 NMRA 2003 because of jurisdictional purposes).

{4} Plaintiff's attorney responded as attorney for Plaintiff on March 29, 2002, by filing a motion to substitute the Trust for Plaintiff and arguing that the motion to dismiss should be denied. The response admitted that Plaintiff transferred to the Trust her interest in the property that was the subject matter of Plaintiff's action, that Plaintiff's sisters were the co-trustees of the Trust, and that the sisters had actively participated in discovery prior to Plaintiff's death, and participated in hearings in her stead. He also denied he accepted service of the suggestion of death on behalf of Plaintiff's successor. He asserted that on January 17, 2002, he sent Defendant's attorney a proposed stipulated order substituting Plaintiff's sisters as "Successor Plaintiffs" in their capacity as "Successor Co–Trustees of the Estate of Linda Ray Henry." He further stated that on January 31, 2002, and again on March 20, 2002, he sent Defendant's attorney a copy of the Trust Agreement based on the representation that Defendant's attorney would approve the proposed stipulated order upon receipt of the Trust Agreement. Plaintiff's attorney asserted Defendant's attorney should be required to abide by his agreement

and approve the order of substitution or in the alternative that an enlargement of time for substituting parties be granted under Rule 1–006(B) NMRA 2003. Defendant denied that his attorney made an agreement to approve the proposed stipulated order upon receipt of the Trust Agreement.

{5} On June 25, 2002, the day before trial was scheduled to commence, the trial court held a telephonic hearing and issued a letter decision stating Defendant's motion to dismiss for failure to timely file a motion to substitute parties within ninety days after the suggestion of Plaintiff's death was filed would be granted. The court acknowledged the dispute about whether there was an oral agreement to file the proposed order of substitution when Defendant's attorney was provided a copy of the Trust Agreement. However, the court noted, Plaintiff's attorney failed to explain why he took no action to substitute parties when Defendant's attorney failed or refused to approve the proposed stipulated order until March 29, 2002, when he responded to the motion to dismiss.

{6} Plaintiff's attorney filed a motion to reconsider on June 28, 2002, before the formal order granting Defendant's motion was filed, arguing that Plaintiff's estate was not properly served with the suggestion of death. He advised the trial court that the application for informal probate of Plaintiff's estate was not filed until April 3, 2002, and Plaintiff's sisters were appointed personal representatives of the estate on April 17, 2002. Moreover, he stated that he did not represent the estate, and that another attorney did. Since Defendant had "never properly served" the suggestion of death upon the personal representatives of the estate, Plaintiff's attorney argued, the court should reconsider its decision and grant the motion to substitute parties.

{7} The trial court then filed its order dismissing Plaintiff's claims with prejudice. The trial court found that no motion for substitution was filed within ninety days after the suggestion of death was filed by Defendant's attorney. The Court further found that the proposed form of stipulated order of substitution prepared by Plaintiff's

attorney showed he was also counsel for the personal representatives of Plaintiff's estate and that the purposes of Rule 1–025 in giving notice to the personal representatives of the estate were fully satisfied. Plaintiff appeals.

## ANALYSIS

{8} Rule 1–025(A)(1) provides:

If a party dies and the claim is not thereby extinguished, the court may order substitution of the proper parties. The motion for substitution may be made by any party or by the successors or representatives of the deceased party and, together with the notice of hearing, shall be served on the parties as provided in Rule 1–005 and upon persons not parties in the manner provided in Rule 1–004 for the service of a summons. Unless the motion for substitution is made not later than ninety (90) days after the death is suggested upon the record by service of a statement of the fact of the death as provided herein for the service of the motion, the action shall be dismissed as to the deceased party.

{9} The Rule by its terms requires: (1) the death of a party, (2) survival of the party's claim notwithstanding the death, and (3) a timely motion to substitute the deceased party with a proper successor party within ninety days of the filing and proper service of a suggestion of death. *See Jones,* 104 N.M. at 638, 725 P.2d at 838. There is no dispute that elements (1) and (2) are satisfied. We analyze the trial court's interpretation of element (3) de novo. *See In re Michael L.,* 2002–NMCA–076, ¶ 9, 132 N.M. 479, 50 P.3d 574 (applying same rules to construction of Supreme Court rules of procedure as to statutes); *see also State v. Rowell,* 121 N.M. 111, 114, 908 P.2d 1379, 1382 (1995) (stating interpretation of a statute is a question of law reviewed de novo). In doing so, we apply the teaching of *Jones* that "[b]efore the ninety day period will commence, however, notice of suggestion of death must be served on all parties (under Rule 5) and interested nonparties (under Rule 4)." *Id.* at 638, 725 P.2d at 838.

{10} The successor non-party to be served with the suggestion of Plaintiff's death was either the Trust or Plaintiff's estate, a question we do not have to answer in this case because neither was properly served. Rule 1–025(A)(1) specifies that service is to be accomplished in accordance with Rule 1–004. Rule 1–004(F)(9) specifies that a trustee or personal representative must be served in the same way that a person, corporation, or unincorporated association must be served "as may be appropriate." It is undisputed that such service was not made in this case. However, Defendant argues that by preparing the proposed stipulated order in January 2002 substituting Plaintiff's sisters as "Successor Plaintiffs" and sending it to Defendant's attorney, Plaintiff's attorney showed he accepted the suggestion of death not only as Plaintiff's attorney, but also as attorney for Plaintiff's successor. These facts, without more, fail to show that Plaintiff's attorney had authority to accept service and in fact did accept service on behalf of Plaintiff's successor..

{11} We first note that when Plaintiff's attorney sent the proposed stipulated order to Defendant's attorney in January 2002, Plaintiff's estate did not yet exist, so he could not accept service on behalf of the estate. As to the Trust, *State Savings & Loan Ass'n v. Anderson,* 106 N.M. 607, 608, 747 P.2d 253, 254 (1987), recognizes that the authority of an attorney to accept service of process on behalf of his client may be inferred from the attorney's act of filing an acceptance of service, but an attorney does not, merely by virtue of general employment, actually have authority to accept service of process on behalf of a client, and it must be made to appear that an agent such as an attorney was authorized to bind his principal by the acceptance of process. Here, Plaintiff's attorney never filed an acceptance of service. The earliest time anything was filed by Plaintiff's attorney which might be construed as suggesting he was also representing Plaintiff's successor, is on March 29, 2002, when he filed the counter-motion to substitute parties and response to the motion to dismiss. Even then, he denied he accepted service of the suggestion of death on behalf of Plaintiff's successor when Defendant's attorney mailed it to him on December 18, 2001. We therefore reject Defendant's argument. *See*

264

*Jones,* 104 N.M. at 638, 725 P.2d at 838 (stating there was no evidence that plaintiff's attorney who received suggestion of death was also attorney for plaintiff's successor or authorized to receive service for plaintiff's successor at the time service was given).

{12} In construing Rule 1–025(A)(1) we may look to federal law for guidance because it is identical to its federal counterpart. *Pope v. Gap, Inc.,* 1998–NMCA–103, ¶ 10, 125 N.M. 376, 961 P.2d 1283. "The [federal] courts will not dismiss for failure to file the motion for substitution within the deadline unless the suggestion of death meets all the formal requirements of the rule. Actual knowledge of the fact of death is not sufficient to begin the running of the 90–day period." 6 James Wm. Moore et al., *Moore's Federal Practice* § 25.13[2][b] (3d ed.2003). The ninety-day period for filing a motion to substitute parties did not commence to run because the suggestion of death was not served on the interested non-parties as required by Rule 1–004. *See Int'l Cablevision, Inc. v. Sykes,* 172 F.R.D. 63, 66 (W.D.N.Y. 1997) (stating strict formalities must be observed in serving formal suggestion of death to trigger ninety-day limit); *Tolliver v. Leach,* 126 F.R.D. 529, 530 (W.D.Mich.1989) (stating ninety-day period begins to run only when formal, written suggestion of death has been filed and properly served).

{13} The effect of the trial court's order was to dismiss with prejudice claims which Plaintiff's successor had against Defendant when the trial court never obtained personal jurisdiction over Plaintiff's successor. Service of the suggestion of death on non-parties pursuant to Rule 1–004 gives the court personal jurisdiction over the non-parties, thereby giving it authority to adjudicate their claims. *See Jones,* 104 N.M. at 638, 725 P.2d at 838 (stating Rule 1–004 is proper mechanism to give notice to non-parties because it is jurisdictionally rooted); *see also Ransom v. Brennan,* 437 F.2d 513, 518 (5th Cir.1971) (stating purpose of serving motion to substitute deceased plaintiff by following procedure set forth in Fed.R.Civ.P. 4 is to acquire personal jurisdiction over non-party). Since the trial court did not acquire personal jurisdiction over Plaintiff's successor, the order of

dismissal with prejudice must be set aside. *See Chapman v. Farmers Ins. Group,* 90 N.M. 18, 19, 558 P.2d 1157, 1158 (Ct.App. 1976) (stating in absence of proper service of summons, trial court lacked jurisdiction to enter judgment).

## MOTION TO DISMISS APPEAL

■ {14} In its answer brief, Defendant moves to dismiss the appeal on grounds that Plaintiff is deceased, and "no longer a corporeal entity that has standing to authorize an attorney to appear on her behalf, and that this fact is admitted on the record." We deny the motion.

{15} Rule 12–301(A) NMRA 2003 addresses the procedure to follow when there is the death of a party to an appeal. Although this rule does not strictly apply to this case inasmuch as Plaintiff died well before the appellate proceedings were pending, we believe it provides substantial guidance to us in determining whether to allow this appeal. In essence, the rule permits the appellate court to allow proceedings to continue on their merits following the death of a party. It provides that, when death is suggested, "proceedings shall then be had as the appellate court directs." In *State v. Salazar,* 1997–NMSA–044, 123 N.M. 778, 945 P.2d 996, the defendant died in prison while his appeal was pending in the Supreme Court and the Supreme Court allowed the appeal to continue. The Supreme Court held that the language in the rule, "as the appellate court directs" gives the appellate court substantial discretion on how to proceed after death has been noted on the record. *Id.* ¶ 25, 945 P.2d 996. We exercise our discretion and allow the appeal to proceed with counsel for Plaintiff representing Plaintiff. *Cf. Castro v. Ogburn,* 140 Or.App. 122, 914 P.2d 1, 3 (1996) (stating that plaintiff having been denied permission to amend complaint to substitute personal representative as defendant, there would be no procedure for plaintiff to challenge that ruling if appellate court lacked jurisdiction to consider appeal). In *Jones,* this Court did not question its jurisdiction to consider an appeal filed by the deceased appellant in circumstances identical to those in this case.

## CONCLUSION

{16} The order dismissing the complaint with prejudice is set aside, and the case is remanded to the trial court for further proceedings consistent with this opinion.

{17} **IT IS SO ORDERED.**

WE CONCUR: LYNN PICKARD and JONATHAN B. SUTIN, Judges.