This decision of the New Mexico Court of Appeals was not selected for publication in the New Mexico Appellate Reports. Refer to Rule 12-405 NMRA for restrictions on the citation of unpublished decisions. Electronic decisions may contain computer-generated errors or other deviations from the official version filed by the Court of Appeals.

**IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO**

No. A-1-CA-39109

**LUIS LOPEZ,**

Respondent-Petitioner,

v.

**CITY OF BELEN,**

Petitioner-Respondent.

**APPEAL FROM THE DISTRICT COURT OF VALENCIA COUNTY**
**Cindy M. Mercer, District Judge**

Youtz & Valdez, P.C.
Shane Youtz
Stephen Curtice
James A. Montalbano
Albuquerque, NM

for Petitioner

Holcomb Law Office
Dina E. Holcomb
Albuquerque, NM

for Respondent

**MEMORANDUM OPINION**

**WRAY, Judge.**

**{1}** Counsel for Petitioner[1] filed a petition for writ of certiorari in this Court on behalf of Luis Lopez. The district court reversed the Belen Labor Management Relations

---

1For clarity, we refer to Luis Lopez and counsel acting on his behalf together as "Petitioner."

Board's (the Board) decision in favor of Lopez and against the City of Belen (the City). This Court granted the petition.

**{2}** We first note that Lopez died after the Board heard Lopez's prohibited practices complaint, but before the Board issued its decision.[2] No party was or has been substituted for Lopez. Under these circumstances, at the outset, we must examine our own jurisdiction. *See In re Adoption of Homer F.*, 2009-NMCA-082, ¶ 19, 146 N.M. 845, 215 P.3d 783 (stating that "it is the responsibility of this Court to determine its own jurisdiction").

**{3}** Pursuant to NMSA 1978, Section 39-3-1.1(E) (1999) and Rule 1-074(V) NMRA, this Court has subject matter jurisdiction over this appeal.[3] The absence of a living petitioner, pursuant to our own rules, does not impede our jurisdiction. *See* Rule 12-301(A) NMRA; *Henry v. Daniel*, 2004-NMCA-016, ¶ 15, 135 N.M. 261, 87 P.3d 541. Our rule affords us significant discretion in handling the substitution of parties, and we therefore exercise that discretion to allow the appeal to proceed with counsel of record for Petitioner, representing Petitioner. *See Henry*, 2004-NMCA-016, ¶ 15 (stating that "the language in the rule, 'as the appellate court directs' gives [this C]ourt substantial discretion" and permitting "the appeal to proceed with counsel for [the p]laintiff representing [the p]laintiff" (quoting Rule 12-301(A))).

**{4}** Having satisfied ourselves as to our jurisdiction, we note that Petitioner's claim and associated remedies survives, even though Petitioner—the sole named party complainant—died after the close of evidence but prior to the issuance of the Board's final decision and order. We first observe that the Public Employee Bargaining Act (PEBA) authorizes the creation of local boards like the City's Board, *see* NMSA 1978, § 10-7E-10 (2003, amended 2020), and we interpret PEBA in the same manner as the federal statute, the National Labor Relations Act (NLRA), 29 U.S.C. §§ 151-169. *See Las Cruces Pro. Fire Fighters v. City of Las Cruces*, 1997-NMCA-031, ¶ 15, 123 N.M. 239, 938 P.2d 1384 ("Absent cogent reasons to the contrary, we should interpret language of the PEBA in the manner that the same language of the NLRA has been interpreted, particularly when that interpretation was a well-settled, longstanding interpretation of the NLRA at the time the PEBA was enacted."). Given that there is longstanding federal precedent that a prohibited practice claim survives the death of the complainant when there remains applicable remedies, we discern the same must hold true in this case. *See NLRB v. Atl. Towing Co.*, 179 F.2d 497, 498 (5th Cir. 1950); *Am. Fed'n of Gov't Emps., Local 1941 v. Fed. Lab. Rels. Auth.*, 837 F.2d 495, 496 n.2 (D.C. Cir. 1988); *Dep't of Just. v. Fed. Labor Rels. Auth.*, 991 F.2d 285, 289 (5th Cir. 1993). We turn then to the arguments on appeal.

**{5}** The City argued before the Board and in its Rule 1-074 appeal of the Board's decision to the district court that because the Board has no procedure for substitution

---

[2]Because the parties are familiar with the record, we discuss only the facts and proceedings that are necessary to our analysis of the issues presented.

[3]The City does not dispute that the Board had jurisdiction through the date of Lopez's death, which occurred on January 10, 2019.

after a party dies, the Board lost jurisdiction over the case when Lopez died. The district court agreed with the City, determined that the Board had no jurisdiction, and reversed the Board's decision on those grounds without reaching the merits. We agree that Lopez's death suspended the Board's personal jurisdiction. *See Henry*, 2004-NMCA-016, ¶ 13. We disagree, however, that the lack of a formal substitution procedure in the administrative proceeding prevented the Board from reestablishing personal jurisdiction over a substitute party for the purposes of issuing its decision resolving Lopez's prohibited practices complaint.

**{6}** The Board has the power to "enforce provisions of the labor-management relations chapter and the board's labor-management relations rules and regulations through the imposition of appropriate administrative remedies." Belen, N.M., Rev. Ordinances of Belen, Tit. 2, Ch. 2.32, § 2.32.080(E) (1994) (the Ordinance). To this end, the Ordinance mandates that the Board shall, in pertinent part, "promulgate rules and regulations necessary to accomplish and perform its functions." *See id.* § 2.32.080(A). Among the Board's functions is to determine prohibited practice complaints. *Id.* § 2.32.080(A)(3). In order to accomplish that function, the Board may hold hearings to adjudicate disputes and enforce the provisions of the Ordinance and any rules or regulation arising therefrom. *Id.* § 2.32.090(A)(3). The Board may find guidance "for the proper joinder of parties in prohibited practice proceedings . . . in the New Mexico State Court Rules of Civil Procedure." *CWA Local 7076 v. N.M. Pub. Educ. Dep't*, PERLB No. 134-11, 2012 WL 12961131 (2012). Thus, to perform its function of deciding prohibited practice complaints, the Board may promulgate rules and regulations and/or consult the rules of civil procedure. Accordingly, we reject the City's argument that the absence of an established procedure for substitution irrevocably deprived the Board of personal jurisdiction and conclude that the Board had the means and authority to substitute a party to fulfill its function under the Ordinance.

**{7}** We affirm the district court to the extent that the Board did not have jurisdiction to enter the final decision absent a living complainant,[4] but the appropriate remedy was remand to the Board for substitution of a party with authority to act on Lopez's behalf. Because we remand for substitution of an appropriate party, we do not address the remaining issues raised on appeal.

**{8}    IT IS SO ORDERED.**

**KATHERINE A. WRAY, Judge**

**WE CONCUR:**

---

[4]We apply the principle articulated in *Henry* on the assumption that the same personal jurisdiction requirements apply in Board proceedings that apply in district court. Petitioner focuses entirely on mootness and the survival of the claim, as well as subject matter jurisdiction. Because Petitioner offers no authority to support a conclusion that the Board was not required to have ongoing personal jurisdiction over a living complainant, we assume none exists. *State ex rel. Off. of State Eng'r v. Romero*, 2020-NMCA-001, ¶ 38, 455 P.3d 860 (declining to review argument for failure to cite supporting on point authority).

**SHAMMARA H. HENDERSON, Judge**

**GERALD E. BACA, Judge**