This decision of the New Mexico Court of Appeals was not selected for publication in the New Mexico Appellate Reports. Refer to Rule 12-405 NMRA for restrictions on the citation of unpublished decisions. Electronic decisions may contain computer-generated errors or other deviations from the official version filed by the Court of Appeals.

## IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO

**No. A-1-CA-39200**

**RAY FLORES, Deceased,**

Plaintiff-Appellant,

v.

**UNIVERSITY OF NEW MEXICO, UNM
BOARD OF REGENTS, POPEJOY HALL,
and UNM PUBLIC EVENTS,**

Defendants-Appellees.

**APPEAL FROM THE DISTRICT COURT OF BERNALILLO COUNTY
Clay Campbell, District Judge**

Trujillo Dodd, Torres, O'Brien, Sanchez, LLC
Donna Trujillo Dodd
Albuquerque, NM

for Appellant

ABQ Law Clinic/Morris Law Firm, P.A.
Kerry J. Morris
Deborah Moore
Albuquerque, NM

for Appellees

### MEMORANDUM OPNION

**BUSTAMANTE, Judge, retired, sitting by designation.**

**{1}** The original plaintiff in this matter—Ray Flores (Decedent)—died after his complaint for personal injuries was filed. The district court dismissed the case with prejudice because a timely motion to substitute a proper party for Decedent was not filed in accordance with Rule 1-025(A) NMRA, and denied the subsequent motion to reconsider. Based on the arguments presented below and here, we affirm.

## BACKGROUND

**{2}** The "Complaint For Damages For Personal Injuries" was filed in December 2018 (the complaint). The complaint asserted that Decedent was injured in December 2016 when the chair he was sitting in during an event at Popejoy Hall suddenly collapsed. Defendants filed their answer in February 2019. Thereafter the record reflects no activity until September 2019, when the district court on its own motion dismissed the case without prejudice because "no significant action" had taken place in the matter for 180 days or more. Within five days of the dismissal order, Decedent's counsel filed a motion to reinstate the case. The motion noted that "[Decedent] died on July 2, 2019." The motion asserted that Decedent's counsel was in the process of appointing Decedent's wife as "the Representative" and that she intended to pursue the case. The motion was not served on Defendants when it was filed. That failure resulted in a round of communication between counsel that need not be detailed here. Defendants were finally provided an unendorsed copy of the motion on October 10, 2019. That was the first time Defendants were made aware that Decedent had passed away.

**{3}** Defendants opposed the motion for reinstatement, noting that the procedural discrepancies with regard to service and—more material to the issue on appeal— arguing that Decedent's counsel's representation terminated upon the death of Decedent and thus she had no authority to file the motion. Defendants asserted that until an estate was created there was no entity to serve with the notice of death. Defendants also argued that until the estate was substituted as a party there was no entity with the power to seek reinstatement. In an affidavit, counsel for Decedent asserted that she still represented him and his wife and that she was attempting to have Mrs. Flores appointed as personal representative.

**{4}** After an in-person hearing, the district court granted the motion for reinstatement. It also sanctioned Decedent's counsel pursuant to Rule 1-011 NMRA, as a consequence of her failure to properly serve the motion and her conduct thereafter.

**{5}** Defendants moved to dismiss the action on January 30, 2020, pursuant to Rule 1-025(A) for failure to substitute a party in place of Decedent. Defendants noted that Decedent's death had been "suggested" on the record on September 25, 2019, and that more than ninety days had passed without a motion or other action to effect a substitution.

**{6}** Decedent's counsel filed a "Motion to Substitute Personal Representative as Party" on February 5, 2020, noting that Mrs. Flores had been appointed personal representative under NMSA 1978, Section 41-2-3 (2001), two days prior. Decedent's counsel filed a response to the motion to dismiss six days later arguing in essence that the filing of the petition to appoint a personal representative in the new and separate action was sufficient to meet the ninety-day requirement of Rule 1-025, given that the district court and Defendants were aware that the petition had been filed.

**{7}** Following a bit more briefing, the district court heard the motion to dismiss on June 22, 2020, in a telephonic hearing. Argument by counsel for Decedent at the hearing tracked the argument made in the briefing. The district court announced its decision to grant the motion and its rationale at the conclusion of the hearing.

**{8}** On June 29, 2020, before any order reflecting the district court's oral ruling was filed, Decedent's counsel filed a "Motion to Reconsider, Motion for Rule [1-060(B) NMRA], Motion for Constructive Notice, and Motion Pursuant to NMSA [1978, Section] 37-1-14[ (1880)]" (June 29 Motion).

**{9}** Not quite crossing electronic paths, the district court's written order of dismissal with prejudice was entered on July 1, 2020. Following additional briefing on the June 29 Motion, the district court entered its order denying the motion on July 30, 2020, noting that it presented arguments that "could have been made on numerous occasions (in the briefs and at the [h]earing), and ample opportunity existed to cure the deficiencies addressed below." This appeal followed.

## STANDARD OF REVIEW

**{10}** Decedent's counsel failed to comply with any of the requirements of Rule 12-318 NMRA for the content and format of briefs filed in this Court, including the requirement that the argument section "shall contain a statement of the applicable standard of review." Rule 12-318(A)(4). Defendants assume that the June 29 Motion was a true Rule 1-060(B) motion. They are incorrect. Having been filed before any written order was entered, the June 29 Motion is more aptly classified as a simple motion to reconsider an oral ruling. *See State v. Roybal*, 2006-NMCA-043, ¶ 17, 139 N.M. 341, 132 P.3d 598 ("[I]t is the substance of the motion, and not its form or label, that controls."). The matter decided by the district court was a legal issue under Rule 1-025. There were no facts in dispute and no equities to weigh. The issue presented to us is similarly a legal issue. As such, our standard of review is de novo. *See In re Michael L.*, 2002-NMCA-076, ¶ 9, 132 N.M. 479, 50 P.3d 574 (applying the same rules to construction of our Supreme Court's rules of procedure as statutes); *see also State v. Smith*, 2004-NMSC-032, ¶ 8, 136 N.M. 372, 98 P.3d 1022 ("We review questions of statutory interpretation de novo.").

**{11}** To the extent Decedent's counsel's June 29 Motion called on the district court to exercise its discretion to allow and act on new arguments, we review its decision under the classic abuse of discretion standard. *State v. Apodaca*, 1994-NMSC-121, ¶ 23, 118 N.M. 762, 887 P.2d 756 ("An abuse of discretion occurs when the ruling is clearly against the logic and effect of the facts and circumstances of the case. We cannot say the [district] court abused its discretion by its ruling unless we can characterize it as clearly untenable or not justified by reason." (internal quotation marks and citations omitted)).

## ANALYSIS

**{12}** Substitution following the death of a party is governed by Rule 1-025(A)(1). The rule provides:

> If a party dies and the claim is not thereby extinguished, the court may order substitution of the proper parties. The motion for substitution may be made by any party or by the successors or representatives of the deceased party and, together with the notice of hearing, shall be served on the parties as provided in Rule 1-005 NMRA and upon persons not parties in the manner provided in Rule 1-004 NMRA for the service of a summons. Unless the motion for substitution is made not later than ninety (90) days after the death is suggested upon the record by service of a statement of the fact of the death as provided herein for the service of the motion, the action shall be dismissed as to the deceased party.

As noted in *Henry v. Daniel*, the rule requires "(1) the death of a party, (2) survival of the party's claim notwithstanding the death, and (3) a timely motion to substitute the deceased party with a proper successor party within ninety days of the filing and proper service of a suggestion of death." 2004-NMCA-016, ¶ 9, 135 N.M. 261, 87 P.3d 541. There is no dispute that Decedent died and that the claim for his personal injuries survived his death. The district court decided that there had not been a timely motion to substitute filed. We analyze the district court's interpretation of this element of the rule de novo. *Id.*

**{13}** The fact of Decedent's death appeared in the record in Decedent's counsel's motion to reinstate the case to active status. Decedent's counsel did not dispute Defendants' position that the mention of Decedent's death was—or should be deemed—an appropriate "suggestion of death" as required by Rule 1-025(A). In addition, counsel for Decedent has never argued that she or Decedent's estate did not receive proper service of the suggestion of death from Defendants. The proper service of the suggestion of death, by way of the motion to reinstate the case, triggered the running of the ninety day limit to file a motion to substitute a proper party in Decedent's stead. Decedent's counsel does not contest that she did not file a motion to substitute in this case within the ninety day limit set by the rule. The rule provides if a motion is filed later than ninety days after a proper suggestion of death is filed, the "action shall be dismissed as to the deceased party." Rule 1-025(A)(1). We perceive no error by the district court in its interpretation of the rule or its application of the rule to the circumstance described above.

**{14}** Having not relied on any of the concepts and procedures addressed in *Henry*, 2004-NMCA-016, ¶ 9, or *Jones v. Montgomery Ward & Co.*, 1985-NMCA-094, ¶ 10, 104 N.M. 636, 725 P.2d 836, Decedent's counsel argued below that the filing of the petition to open an estate in a separate cause of action was the functional equivalent of filing a motion to substitute in this case because the Defendants and the district court knew the petition had been filed and were on notice that Decedent's counsel and Mrs. Flores intended to pursue the case. Decedent's counsel makes the same argument here, though it is not the focus of the argument on appeal. Decedent's counsel does not cite

to any authority in support of the argument, and we have found none. We agree with the district court's observation made during the hearing on the motion to dismiss that "a petition for appointment of [a] personal representative in a wrongful death case is simply not the same as a motion to substitute parties."

**{15}** In the June 29 Motion, Decedent's counsel relied on Rule 1-060(B)(1) concepts. Counsel for Decedent admitted that she was mistaken as to the effect of filing a separate action to appoint a wrongful death personal representative and for relying on its filing to fulfill the Rule 1-025(A) requirement for a motion seeking substitution of parties. Counsel for Decedent asserts on appeal that she relied on other experienced personal injury counsel about the procedure to follow and that there were unexpected delays completing the personal representative process. Assuming all of the reasons offered for the mistake are accurate and that Rule 1-060(B) concepts can be applied, they do not require any different outcome.

**{16}** First, it is questionable whether the rationale offered by Decedent's counsel constitute "excusable neglect." Counsel for Decedent's error was a clear mistake of law. As we have noted there is no support in the authorities for the idea that filing a petition for appointment of a personal representative is equivalent to or fulfills the requirement to file a motion to effect a substitution of a party. To rely on that approach as proper procedure was wrong, perhaps even fanciful. The general rule is that parties are bound by the acts or failures to act of their attorneys. *Padilla v. Estate of Griego*, 1992-NMCA-021, ¶ 17, 113 N.M. 660, 830 P.2d 1348.

**{17}** Second, the admission that Decedent's counsel had made a mistake came about only after the district court had ruled on and rejected the assertion. As noted in the district court's order denying the June 29 Motion, the arguments could have been made to the district court previously, and Decedent's counsel had "ample opportunity . . . to cure the deficiencies" noted in the motion. The general rule is that where a court acts properly on information before it at the time it rules, there is no judicial error at the time, and thus there is no mistake that should be corrected under Rule 1-60(B)(1). *See Benavidez v. Benavidez*, 1983-NMSC-032, ¶ 14, 99 N.M. 535, 660 P.2d 1017.

**{18}** Third, it is doubtful that the district court could have properly come to a different conclusion even if the arguments had been made in a timely fashion. The district court's discretion is bounded by the legal environment in which it is operating. Rule 1-025(A)(1) clearly requires that a motion to substitute parties be filed in the pending action within ninety days of an effective suggestion of death of a party. It is more likely than not that a ruling equating the mere filing of a petition to appoint a personal representative in a separate action to such a motion would be found to be reversible error.

**{19}** Decedent's counsel also argues that Section 37-1-14 provides a rationale for allowing this action to continue. Section 37-1-14 provides: "If, after the commencement of an action, the plaintiff fail[s] therein for any cause, except negligence in its prosecution, and a new suit be commenced within six months thereafter, the second suit shall, for the purposes herein contemplated, be deemed a continuation of the first."

It is clear from the wording of the statute that it does not apply to the case before us. Decedent's counsel is not attempting to file a "new" action after a first action failed. The personal injury action and the wrongful death appointment proceedings are related but they are not the same. Had Decedent's counsel filed a timely motion to substitute, both actions would continue unabated. Section 37-1-14 is a tolling statute. It "operates to suspend the running of an otherwise applicable statute of limitations when an action is timely commenced and later dismissed" for a reason not involving negligence in its prosecution. *Gathman-Matotan Architects & Planners, Inc., v. State, Dep't of Fin. & Admin.*, 1990-NMSC-013, ¶ 8, 109 N.M. 492, 787 P.2d 411. That is not the scenario at work in this matter.

**{20}**   In sum, the district court ruled correctly when it granted Defendants' motion to dismiss. Decedent's counsel's procedural and legal errors were such that the district court cannot be held to have abused its discretion when it refused to alter its original decision.

**CONCLUSION**

**{21}**   For the foregoing reasons, the district court is affirmed.

**{22}   IT IS SO ORDERED.**

**MICHAEL D. BUSTAMANTE, Judge,**
**retired, sitting by designation.**

**WE CONCUR:**

**ZACHARY A. IVES, Judge**

**KATHERINE A. WRAY, Judge**