The slip opinion is the first version of an opinion released by the Clerk of the Court of Appeals. Once an opinion is selected for publication by the Court, it is assigned a vendor-neutral citation by the Clerk of the Court for compliance with Rule 23-112 NMRA, authenticated and formally published. The slip opinion may contain deviations from the formal authenticated opinion.

# IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO

Opinion Number: _____

Filing Date: **December 23, 2024**

**No. A-1-CA-40415**

**RICHARD J. VALLE, Personal Representative of the ESTATE OF OSVALDO CONEJO GONZALES, JR., Deceased; OSVALDO CONEJO, SR.; and FLOR GONZALES,**

Plaintiffs-Appellees,

v.

**NEW MEXICO DEPARTMENT OF TRANSPORTATION and STATE OF NEW MEXICO,**

Defendants-Appellants,

and

**CITY OF ALBUQUERQUE,**

Defendant.

**APPEAL FROM THE DISTRICT COURT OF BERNALILLO COUNTY**
**Elaine P. Lujan, District Court Judge**

Romero Law
Geoffrey R. Romero
Albuquerque, NM

Zebrowski Law
Paul Zebrowski
Thomas A. Biscup
Albuquerque, NM

for Appellees

Jennings Haug Keleher McLeod LLP
Thomas C. Bird
Chris Marquez
Albuquerque, NM

for Appellants

**OPINION**

**BACA, Judge.**

{1}      The New Mexico Department of Transportation and the State of New Mexico (collectively, Appellants) appeal the district court's orders granting summary judgment against Appellants and denying Appellants' motion for reconsideration and for permission to respond to requests for admissions. On appeal, Appellants argue that the district court erred by (1) granting summary judgment because material issues of fact concerning damages and comparative negligence remained disputed, despite Appellants' failure to answer the complaint or respond to the requests for admissions; and (2) denying Appellants leave to withdraw their admissions by default and to file responses on the ground that Appellants had not demonstrated excusable neglect. Concluding as to the second issue that excusable neglect is not the proper standard applicable to requests to withdraw admissions made pursuant to Rule 1-036(B) NMRA, we reverse and remand for further proceedings. We accordingly do not reach the first issue.

**BACKGROUND**

{2}      On October 2, 2018, Richard J. Valle, personal representative of the wrongful death estate of Osvaldo Conejo Gonzales, Jr., Osvaldo Conejo, Sr., and Flor Gonzales (collectively, Appellees) filed a complaint for damages, pursuant to the New Mexico Tort Claims Act against Appellants. Appellees served requests for

admissions on Appellants on September 23, 2019. On October 21, 2019, Appellants filed a motion to dismiss or for summary judgment and a motion for protective order and stay, both of which were denied by the district court. Appellees filed their own motion for summary judgment on July 20, 2021.

{3} On November 4, 2021, the district court held a hearing on Appellees' motion for summary judgment. At the conclusion of the hearing the court took the matter under advisement, and on November 8, 2021, the district court filed its order granting Appellees' motion for summary judgment.

{4} Also, on November 4, 2021, Appellants filed an untimely answer to the complaint. Because Appellants untimely answered the complaint and did not respond to the requests for admissions, the matters therein were deemed conclusively admitted by the district court in its order granting Appellees' motion for summary judgment. Subsequently, on December 7, 2021, Appellants filed a motion for reconsideration of the order granting summary judgment and seeking permission to file responses to the requests for admissions. Following a hearing on the motion for reconsideration, the district court denied the motion. The district court also denied Appellants' motion for leave to respond to the requests for admissions because Appellants failed to demonstrate excusable neglect in failing to respond to the requests for admissions. Appellants appeal the orders granting summary judgment

and denying their motion for reconsideration and for leave to file responses to the requests for admissions.

**DISCUSSION**

**I.     The District Court Erred When It Denied Appellants' Request to Withdraw Admissions Based on a Lack of Excusable Neglect**

{5}     Appellants argue that the district court erred by denying, under the excusable neglect standard of Rule 1-006(B)(1) NMRA, their request to withdraw their admissions by default made pursuant to Rule 1-036(B). We generally review a district court's decision on a motion to withdraw a Rule 1-036 admission for an abuse of discretion. *Valerio v. San Mateo Enters., Inc.*, 2017-NMCA-059, ¶ 15, 400 P.3d 275. An abuse of discretion occurs when the district court applies the wrong legal standard. *Lopez v. Reddy*, 2005-NMCA-054, ¶ 14, 137 N.M. 554, 113 P.3d 377. Furthermore, Appellants' argument requires us to decide an issue of first impression: What standard applies to motions to withdraw Rule 1-036 admissions by default—the excusable neglect standard of Rule 1-006(B)(1), or the two-pronged test of Rule 1-036(B)? "Our review [of this issue] is de novo because the interpretation of rules is a question of law." *State v. Cabral*, 2021-NMCA-051, ¶ 25, 497 P.3d 670 (internal quotation marks and citation omitted).

{6}     Rule 1-006(A) provides parties guidance in "computing any time period specified in [the Rules of Civil Procedure], in any local rule or court order, or in any statute." Pursuant to Rule 1-006(B)(1)(b), "[w]hen an act may or must be done

3

within a specified time, the court may, for cause shown, extend the time . . . on motion made after the time has expired if the party failed to act because of *excusable neglect*," (emphasis added), referred to in this opinion as the "excusable neglect standard." The language of Rule 1-006(B)(1) makes clear that the party seeking an extension of time bears the burden to show that the failure to respond was excusable.

{7}     Rule 1-036(A), on the other hand, permits a party to "serve upon any other party a written request for . . . admission." Rule 1-036(A) further provides that "[e]ach matter of which an admission is requested . . . is admitted unless, within thirty (30) days after service of the request . . . the party to whom the request is directed serves upon the party requesting the admission a written answer or objection addressed to the matter." Further, Rule 1-036(B) provides that "[a]ny matter admitted under this rule is conclusively established *unless the court on motion permits withdrawal or amendment of the admission*." (Emphasis added.) Critically, for our purposes here, Rule 1-036(B) provides that, "the court *may* permit withdrawal or amendment *when* [(1)] *the presentation of the merits of the action will be subserved thereby*[;] *and* [(2)] *the party who obtained the admission fails to satisfy the court that withdrawal or amendment will prejudice him in maintaining his action or defense on the merits*." (Emphases added.) We refer to this test as the "Rule 1-036(B) two-pronged test."

**{8}** Unlike the excusable neglect standard of Rule 1-006(B)(1), where the burden is on the party seeking relief pursuant to that rule, under the Rule 1-036(B) two-pronged test, "the burden is on the party opposing withdrawal . . . to 'satisfy the court' that it would be prejudiced by the amendment." *Valerio*, 2017-NMCA-059, ¶ 14 (quoting Rule 1-036(B)).

> [T]he prejudice contemplated [under Rule 1-036(B)] is not simply that the party would have to prove the fact previously admitted, but that it relates to the difficulty a party may face in proving its case, e.g., caused by the unavailability of key witnesses, because of the sudden need to obtain evidence with respect to the questions previously answered by the admissions.

*Id.* (internal quotation marks and citation omitted).

**{9}** Here, the district court applied the Rule 1-006(B)(1)(b) excusable neglect standard to Appellants' request to withdraw its admissions by default, concluded that Appellants had not demonstrated excusable neglect, and accordingly denied Appellants' "Motion for Reconsideration and to Allow the Filing of Responses to Requests for Admissions." We conclude this was error and explain.

**{10}** We first address Appellees' argument that the Rule 1-036(B) standard "applies where a party seeks to withdraw[] or amend a response already made . . . but not where a party has failed to respond at all." As noted, however, and contrary to Appellees' argument, under Rule 1-036(A),

> Each matter of which an admission is requested . . . is admitted unless, within thirty (30) days after service of the request, or within such shorter or longer time as the court may allow, the party to whom the

5

> request is directed serves upon the party requesting the admission a written answer or objection addressed to the matter.

By operation of Rule 1-036(A), Appellants *admitted* the requests for admissions when they failed to timely answer them and the Rule 1-036(B) standard, which provides for the withdrawal or amendment of an *admission*, can thus apply where a party has failed to respond at all.

{11}    We turn, then, to address whether the standard set out in Rule 1-006 or Rule 1-036(B) applies to withdrawal of admissions by default made pursuant to Rule 1-036. In resolving this issue, we are tasked with construing Rules 1-006 and 1-036. "When construing Supreme Court rules, we apply the same principles of construction as are applied to statutes." *Couch v. Williams*, 2016-NMCA-014, ¶ 19, 365 P.3d 45. One such principle of construction is that a rule "enacted for the primary purpose of dealing with a particular subject prescribing terms and conditions covering the subject-matter supersedes a general [rule] which does not refer to that subject although broad enough to cover it." *N.M. Educ. Ret. Bd. v. Romero*, 2024-NMCA-013, ¶ 20, 541 P.3d 175 (internal quotation marks and citation omitted); *see id.* (providing that "the more specific statute prevails over a general statute"). "The specific [rule] is considered an exception to or qualification of the general [rule]." *Lopez v. Barreras*, 1966-NMSC-209, ¶ 13, 77 N.M. 52, 419 P.2d 251.

{12}    In this instance, Rule 1-006(B) is the more general rule, applying by its terms "[w]hen *an act* may or must be done within a specified time." (Emphasis added.)

6

Rule 1-036, on the other hand, by its title prescribes terms and conditions specifically covering "Requests for [A]dmissions." Significantly, as we mentioned above, Subsection (B) of Rule 1-036 specifically provides a method for a party to withdraw or amend admissions by default made pursuant to Rule 1-036. Thus, our rules of interpretation favor the application of the two-pronged test of Rule 1-036(B) over the Rule 1-006(B)(1)(b) excusable neglect standard to requests to withdraw admissions by default.

{13} This interpretation is consistent with and supported by a respected treatise in the area of federal practice and procedure, where it states:[1]

> Though some of the cases seem to turn on whether the failure to provide a timely answer was excusable neglect, a test generally appropriate under Rule 6(b)(1)(B) for enlargement of time after the period has expired, it would seem that the test now stated in Rule 36(b) for withdrawal of admissions is tailored more precisely to the purposes of Rule 36 generally, and that the admission that otherwise would result from a failure to make timely answer should be avoided when to do so will aid in the presentation of the merits of the action and will not prejudice the party who made the request.

8B Charles Alan Wright & Arthur A. Miller, *Federal Practice & Procedure* § 2257 (3d ed. 2024) (footnotes omitted); *see Rogers v. Bd. of Cnty. Comm'rs of Torrance Cnty.*, 2020-NMCA-002, ¶ 10, 455 P.3d 871 (providing that because "the New Mexico Rules of Civil Procedure are modeled after the Federal Rules of Civil

---

[1]Although this treatise references Rules 6 and 36 of the Federal Rules of Civil Procedure, we rely on it, in this instance, for the reasons articulated below.

Procedure," where a New Mexico rule "is virtually identical to its federal counterpart," interpretations of the federal rule are persuasive authority for the construction of the New Mexico rule (alteration, internal quotation marks, and citation omitted)); *see also Henry v. Daniel*, 2004-NMCA-016, ¶ 12, 135 N.M. 261, 87 P.3d 541 ("In construing [a New Mexico Rule of Civil Procedure] we may look to federal law for guidance because it is [virtually] identical to its federal counterpart."). *Compare* Fed. R. Civ. P. 36(a)(1), (b), *with* Rule 1-036.

{14}    We pause, however, to emphasize that the Rule 1-036(B) standard is not a mandate. The language of Rule 1-036(B) is permissive rather than instructive; it provides the circumstances under which the district court "*may* permit withdrawal or amendment of the admission," not the circumstances under which the court *shall* permit withdrawal. *See* Rule 1-036(B) (emphasis added); *cf. State of N.M. v. Houidobre*, 2025-NMSC-007, ¶¶ 5, 14, 16, 536 P.3d 890 (providing that the word "may" constitutes permissive language in a statute, and implying that permissive language allows for discretion in whether or not to apply the outcome suggested by the statute). In other words, although the proper standard to be applied is the two-pronged test established by Rule 1-036(B), the district court *may* grant a motion for withdrawal where both prongs are satisfied but need not do so where other considerations militate against such a grant. *See Donovan* v. *Carls Drug Co.*, 703 F.2d 650, 652 (2d Cir. 1983) ("Because the language of [Rule

8

36] is permissive, the court is not required to [permit withdrawal or amendment] even if both the merits and prejudice issues cut in favor of the party seeking exception to the rule."), *rev'd on other grounds by McLaughlin v. Richland Shoe Co.*, 486 U.S. 128 (1988); *In re Carney*, 258 F.3d 415, 419 (5th Cir. 2001) ("Even when these two factors are established, a district court still has discretion to deny a request for leave to withdraw or amend an admission."); *Conlon v. United States*, 474 F.3d 616, 625 (9th Cir. 2007) ("[I]n deciding whether to exercise its discretion when the moving party has met the two-pronged test of Rule 36(b), the district court may consider other factors, including whether the moving party can show good cause for the delay and whether the moving party appears to have a strong case on the merits."); *Gwynn v. City of Philadelphia*, 719 F.3d 295, 298 (3d Cir. 2013) ("Courts may consider other factors as well, such as whether the moving party can show good cause for the delay, but they are not required to do so, *see* Fed. R. Civ. P. 36(b)." (citation omitted)).

{15}    We hold, in sum, that (1) the proper standard to be applied to motions to withdraw Rule 1-036 admissions is the two-pronged test established by Rule 1-036(B), not the Rule 1-006(B)(1)(b) excusable neglect standard; (2) the Rule 1-036(B) standard is permissive and does not require that the district court permit withdrawal or amendment of admissions by default merely because the Rule 1-036(B) two-pronged test is met; and (3) the district court may consider other factors

9

in determining whether to grant or deny a motion to withdraw or amend Rule 1-036 admissions. We, therefore, conclude that the district court's application of the excusable neglect standard of Rule 1-006 instead of the two-pronged test of Rule 1-036(B) was error. Because we conclude that the district court's denial of Appellants' request to withdraw the admissions made by default pursuant to Rule 1-036 was based on a misapprehension of law, we reverse; and we need not reach Appellants' argument that the district court erred by granting summary judgment because material issues of fact concerning damages and comparative negligence remained disputed, despite Appellants' failure to answer the complaint or respond to the requests for admissions.

**CONCLUSION**

{16}     We reverse the district court's entry of summary judgment and remand with directions that the district court reconsider Appellants' request to withdraw their admissions by default and to allow the filing of responses to Appellees' requests for admissions in accordance with the standard set forth in this opinion and for further proceedings consistent with this opinion.

{17}     **IT IS SO ORDERED.**

_____
**GERALD E. BACA, Judge**

10

**WE CONCUR:**

_____
**JENNIFER L. ATTREP, Chief Judge**

_____
**JANE B. YOHALEM, Judge**

11